21698

Dean P. LEVY, Respondent, v. Aaron B. LEVY, Appellant.
(291 S. E. (2d) 201)

*William H. Seals,* of *Law Offices of William H. Seals,* Marion, *for appellant.*

*Jan L. Warner,* Sumter, *for respondent.*

April 26, 1982.

LITTLEJOHN, Justice:

The Plaintiff-Respondent, Dean P. Levy, Wife, brought this action seeking a divorce and other equitable relief against the Defendant-Appellant, Aaron B. Levy, Husband. The divorce was granted and that facet of the litigation is no longer of concern to the Court. The Family Court of Marion County decreed equitable division of the property of the parties and ordered the Husband to pay alimony and child support. The Husband has appealed, submitting that the trial judge abused his discretion in not requiring the Wife to share in the Husband's debts and erred in the award of alimony and child support.

This couple has been married for seventeen years. To the union was born two children. During these years, they accumulated substantial assets, a portion of which were titled in the name of the Wife. It is obvious that they lived "high on the hog" and, while enjoying ample earnings, incurred substantial debts. Some of these debts were the legal obligation of both the Husband and the Wife, but a great portion of them were the legal obligation of the Husband alone. It is the contention of the Husband that the trial Court should not have equitably divided the assets of the parties wihout requiring the Wife to assume substantial portions of the personal debts.

The chore of equitably dividing property upon the dissolution of a marriage contract calls for the best thinking on the part of the trial judge. The chore is not always easy; more often it is difficult. Much discretion is permitted. We are of the opinion that the judge properly exercised his discretion as relates to the equitable division, payment of alimony and payment of child support. Certainly, there is no abuse of discretion requiring reversal by this Court.

The issues in this case would be properly disposed of under our Rule 23, since no error of law appears; however, there may be some precedential value in the question raised as to the sharing of debts as well as assets.

We refuse to hold, as a matter of law, that the judge must order the sharing of debts as well as the sharing of asests. At the same time, we point out that it is always proper for the judge to take into consideration the debts of both of the parties as well as the properties of both of the parties in decreeing equitable distribution. It is entirely conceivable that the distribution of the assets might have been decreed in different proportions had the Wife been required to absorb portions of the Husband's debts.

In addition to affirming the Order of the lower court as relates to equitable division, we also affirm both the award and the amount of alimony and child support.

Affirmed.

LEWIS, C. J., and GREGORY, J., concur.

NESS and HARWELL, JJ., dissent.

HARWELL, Justice (dissenting):

I would remand for the purpose of requiring the lower court to make specific findings of fact as to which debts were incurred for the joint benefit of the parties during the marriage and then equitably apportion said marital indebtedness. I do not believe you can equitably divide the assets of the parties without requiring both parties to assume some portion of the debts which were incurred for their mutual benefit. The majority opinion rightly points out that it is always proper for the judge to take into consideration the debts of both of the parties as well as the properties of the parties in decreeing equitable distribution. The problem in this instance is that there are no findings of fact which indicate that the judge considered all of the marital debts in decreeing equitable division.

NESS, J., concurs.