0066

Cleo BUFFKIN, Respondent, v. Tunney STRICKLAND, Appellant.

(312 S. E. (2d) 579)

Court of Appeals

344

*H. T. Abbott, III*, Conway, *for appellant.*

*John H. Jackson*, of *Padgett & Jackson*, Loris, *for respondent.*

Feb. 10, 1984.

CURETON, Judge:

Appellant Strickland appeals from the order of the circuit court that adopted the recommendations of a master that Strickland pay to respondent Buffkin certain sums of money in this accounting action. We affirm as modified.

The issues on appeal deal with (1) the sufficiency of the evidence to establish a farming partnership, (2) the composition of the partnership, (3) whether the proceeds from an insurance policy constituted partnership assets, (4) what expenses should be charged to the partnership, and (5) the sum each partner is entitled to receive by way of an accounting.

In an equity action tried first by a master, whose ■ findings are concurred in by a circuit judge, the concurrent findings will not be disturbed on appeal unless found without evidentiary support or against the clear preponderance of the evidence. *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976).

The facts, as we view them, are that Buffkin and Strickland orally agreed to embark upon a joint farming venture. They agreed to lease some land and tobacco poundage from one Allen Powell and to share the expenses and profits from the tobacco crop 50-50. Strickland paid the rental costs from his personal funds, while Buffkin paid most of the other costs of raising the crop from his funds. The tobacco crop burned after the parties harvested it, and while it was stored in a warehouse. As a result, Strickland received $25,020 in insurance proceeds which he refused to share with Buffkin, claiming that he purchased the insurance for his sole benefit.

The master found the arrangement between Buffkin and Strickland to constitute a partnership. We agree. A partnership is an association of two or more persons to carry on as co-owners a business for profit. Section 33-41-210, Code of Laws of South Carolina, 1976. A partnership may rest in parol or be implied. *Wyman v. Davis*, 223 S. C. 172, 74 S. E. (2d) 694 (1953).

Strickland argues that since he provided the funds (amounting to $10,724) to acquire the acreage lease and allotment that this fact evidences an intention that the tobacco crop would be his sole venture. This contention is untenable. Buffkin did most of the work of hiring laborers, securing farm equipment, and supervising the planting and harvesting of the crop. He also expended in excess of $13,000 of his funds for labor, equipment and fertilizer.

Strickland next contends that even if a partnership existed, it was a three-way partnership composed of himself, his son Terry and Buffkin. We reject this contention. It is undisputed that the initial venture included only Strickland and Buffkin. Strickland testified that after he could not get Buffkin to pay his share of lease costs, he brought Terry into the partnership in an attempt to recover some of his money, through Terry, and to cancel a debt that he owed Terry.

In order for Terry to have become a partner, both Buffkin and Strickland must have intended that he be a partner. 60 Am. Jur. (2d) *Partnership*, Section 177 (1972); *Stephens v. Stephens*, 213 S. C. 525, 50 S. E. (2d) 577 (1948). Here, while Terry did some work for the partnership and has not been paid, the evidence does not show that Buffkin ever agreed to make or considered Terry a partner as required by Section 33-41-510(7), Code of Laws of South Carolina, 1976.

With respect to the question of whether Strickland acted as agent for the partnership or for his sole benefit in acquiring federal crop insurance, the master found that though the insurance policy was in Strickland's name, he acquired it for the benefit of the partnership. Therefore, the master reasoned, the proceeds belonged to the partnership. We agree. The fact that the tobacco crop was owned by the partnership, that pursuant to Section 33-41-310(1) of the S. C. Code, Strickland was presumed to have acted for the partnership in purchasing the crop insurance, and coupled

with the fact that the premiums for the insurance were paid from the loss proceeds, is adequate evidentiary support for the master's finding on this point.

Strickland next argues that the trial court erred in finding that Buffkin expended the sum of $13,330.48 on behalf of the partnership. A review of the evidence indicates that Buffkin's testimony regarding his expenses appears to some extent to be inconsistent. However, Strickland did not rebut Buffkin's testimony. This court's inquiry into this point is limited to a consideration of the evidence to glean any support for the concurrent findings of the master and trial judge. The judge who heard Buffkin testify is in a better position to judge Buffkin's demeanor and veracity and he is given broad discretion in this regard. *Peay v. Peay,* 260 S. C. 108, 194 S. E. (2d) 392 (1973); *McAlister v. Patterson,* 278 S. C. 481, 299 S. E. (2d) 322 (1982). We find no error in the trial court's ruling on this point as there is evidence to support its ruling.

Strickland finally asserts that the trial court incorrectly determined that Buffkin should be reimbursed for expenditures for the purchase of construction materials that were used to build a piece of farm equipment. Strickland makes no argument in his brief that the expenditures were not necessary, that Buffkin acted without authority in disposing of the farm equipment, or that the equipment was sold for less than its market value. The evidence shows that Buffkin sold the equipment at the end of the harvest for $100. Buffkin conceded in oral argument before this court that he should be required to account for the above mentioned sum. He further represented that he was willing to so account. We therefore find that further discussion of this point is unnecessary.

Having reviewed Strickland's assignments of error, we find no merit to them, except as to the requirement that Buffkin be required to account to him for one-half of the proceeds from sale of the item of farm equipment discussed above.

Accordingly, the sum ordered to be paid by Strickland to Buffkin by way of an accounting is hereby reduced by $50.00. As modified, the order of the trial court is affirmed.

Affirmed as modified.

SHAW and GOOLSBY, JJ., concur.