0615

Franklin W. ALLEN, Respondent v. Jean H. ALLEN, Appellant.

(339 S. E. (2d) 872)

Court of Appeals

*John A. Hagins, Jr.,* of *Brown & Hagins;* and *David H. Wilkins,* of *Wilkins, Wilkins & Nelson,* Greenville, *for appellant.*

*William B. James,* Greenville, *for respondent.*

Heard Nov. 24, 1985.

Decided Jan. 22, 1986.

CURETON, Judge:

This appeal involves the dissolution of a seven year marriage between appellant Jean Allen and respondent Franklin Allen. The trial judge entered a decree dated January 24, 1983 which (1) granted the husband a divorce on the ground of adultery; (2) granted both husband and wife split or divided custody of their daughter; (3) granted the wife fifty dollars ($50.00) per week for child support; (4) denied the wife alimony; (5) ordered the sale of the marital home and a division of the sale proceeds; and (6) directed the wife's attorneys to be paid eight thousand dollars ($8,000.00) from the proceeds of the sale of the marital home as the husband's partial payment of the wife's attorneys' fees. We affirm in part, reverse in part, and remand.

In an equity matter we have jurisdiction to find facts based on our own view of the evidence, but we are not required to disregard the findings of the trial judge who saw and heard the witnesses and who was in a better position to evaluate the testimony. *Mann v. Walker*, 285 S. C. 194, 328 S. E. (2d) 659, 662 (Ct. App. 1985). The facts in this case are as follows. The parties were married on August 15, 1975. At times during the marriage the wife was employed as an elementary school teacher and a part-time real estate salesperson. The husband is an attorney. During the years 1975 to 1981 the wife earned a total of twenty-nine thousand five dollars ($29,005.00) and the husband earned four hundred thirty-three thousand two hundred dollars ($433,200.00). In the happy days of their marriage, the wife campaigned for his election to public office. He won the election and served as mayor of the city of Spartanburg from 1977 to 1982. In June 1977 the parties' daughter, Amanda, was born and the family thus expanded to five persons including the two minor sons of the wife by a former marriage.

The positive aspects of this marriage were material acquisitions, recreational activities, and the accomplishments of the children. The parties lived in a large marital home, had an expensive lake home, took many trips and the children were good students in a private school. The negative aspects of this marriage, however, indicate that this marriage is beyond salvage. Both parties engaged in adulterous affairs and both parties fought with each other to the extent that on various occasions one or the other was left with black eyes, bruises, a broken finger and a bitten finger. Trust, fidelity and mutual respect, key elements of most successful marriages were absent from this marriage.

During oral argument the wife's attorney abandoned certain issues which had been raised by exception and briefed.[1] The three remaining issues are whether the trial judge erred in granting the husband a divorce on the ground of adultery;

---

[1] The wife's attorney expressly abandoned all issues which pertain to matters falling within the trial judge's discretion. This concession includes the exception taken to the trial judge's denial of the motion to amend the pleadings to state a claim for divorce based upon the husband's alleged physical cruelty and adultery.

whether this court has jurisdiction over the child custody and child support issues; and whether an equitable distribution of the marital assets has been made.

## I.

We find that the trial judge correctly awarded the husband a divorce on the ground of adultery. The husband left the marital home in March 1982 and commenced this divorce action on May 10, 1982 by filing a petition which alleged physical cruelty as the ground for the divorce. Thereafter, he filed an amended petition which stated a claim for divorce on the grounds of physical cruelty and adultery. The wife's amended answer and counterclaim contained an allegation to the effect that the husband had deserted her. The wife sought support and maintenance and not a divorce. A week before the trial of this case, in November 1982 the wife's newly retained counsel made a motion requesting the court to allow her to counterclaim for a divorce on the grounds of physical cruelty and adultery. This motion was denied and exception was made to the ruling.[2]

Accordingly an examination of the pleadings indicates that the husband sought a divorce on the grounds of adultery and physical cruelty. The wife answered with a defense of recrimination based only on desertion without a corresponding request for a divorce. We find her defense of recrimination was ineffective since the husband had not deserted the marital home for one year. *See* Section 20-3-10(2), 1976 Code of Laws of South Carolina. As a general rule, to constitute the defense of recrimination, the misconduct of which the plaintiff is guilty must be such as to provide the defendant with grounds for divorce. 24 Am. Jur. (2d) *Divorce and Separation* Section 226 (1966); 27A C.J.S. *Divorce* Section 67 (1959).

The trial judge was limited to the relief requested by the parties. *Bowen v. Bowen*, 280 S. C. 602, 605, 313 S. E. (2d) 362, 364 (Ct. App. 1984). The court could not

---

[2] The amendment of pleadings is a matter within the trial judge's discretion. See cases cited in case notes under Section 15-13-920, 1976 Code of Laws of South Carolina. The wife has abandoned the exception to the denial of the motion to amend.

have granted the wife relief that was not sought in her pleadings. Since the husband proved his allegations of marital misconduct, and the wife did not establish a recrimination defense based on the husband's desertion, he was entitled to divorce on the ground pleaded and proved.

## II.

The January 24, 1983 order forming the basis of this appeal awarded joint child custody to the parties. This Court has been provided with copies of a September 28, 1984 order of The Honorable William K. Charles, Jr., which stated that the husband had obtained an Order of Remand from the South Carolina Supreme Court dated July 13, 1984. Pursuant to this order Judge Charles conducted a custody hearing and thereafter awarded custody to the father and relieved him of his obligation to make further child support payments. The record does not indicate whether Judge Charles's order has been appealed. Thus, the custody and child support issues are not before us on appeal.

## III.

The wife argues that the trial judge did not make an equitable distribution of the marital estate even though he purported to award her approximately fifty percent (50%) of the marital estate. She takes exception to three determinations of the trial judge: (1) a farm purchased by the husband prior to the marriage was not included in the marital estate; (2) the wife had no economic interest in the husband's law office building; and (3) promissory notes totalling nineteen thousand four hundred dollars ($19,400.00) to the husband's sister were considered as marital debts.

We have considered the criteria for making an equitable distribution listed in *Shaluly v. Shaluly*, 284 S. C. 71, 325 S. E. (2d) 66 (1985) and find that the wife had no interest in the farm which was purchased by the husband prior to marriage. Ordinarily "[o]ne spouse does not have an equitable interest in property acquired by the other spouse prior to marriage." *Sauls v. Sauls*, ___ S. C. ___, 337 S. E. (2d) 893 (S. C. Ct. App. 1985). *Cf. Hussey v. Hussey*, 280 S. C. 418, 312 S. E. (2d) 267 (Ct. App. 1984).

The trial judge found "The law office [building] is owned by Mr. Allen. I find Mrs. Allen to have no interest in this property. The mortgage debt exceeds its value." Marital property is described as all property accumulated during the marriage which does not fall within some established exception. *Bannen v. Bannen,* 286 S. C. 24, 331 S. E. (2d) 379, 381 (Ct. App. 1985). Since no reason is advanced for excluding the law office building from the "marital pot," we infer from this finding that the trial judge did not award the wife an interest in the office building because he found it had no equity to divide. This finding is contrary to the evidence. The law office building was mortgaged some four and a half years prior to the divorce hearing for one hundred thousand dollars ($100,000.00). At the hearing, the husband testified the mortgage balance was ninety two thousand dollars ($92,000.00). A trial judge is required to value all marital assets prior to distributing them. *Smith v. Smith,* 280 S. C. 257, 263, 312 S. E. (2d) 560, 564 (Ct. App. 1984); *Reid v. Reid,* 280 S. C. 367, 372, 312 S. E. (2d) 724, 727 (Ct. App. 1984). We therefore reverse this award and remand for proper valuation and award to the wife her equitable interest in the office building.

We also find that it was error for the trial judge to consider all of the notes held by the husband's sister as marital debts. According to the husband's testimony one note was given to his sister to cover a sixteen thousand four hundred dollar ($16,400.00) loan to him on March 24, 1982 about the time that he left the marital home. His sister testified that this note represented three separate loans of five thousand dollars ($5,000.00) which she had made in October 1980, June 1981 and February 1982. The second note representing a three thousand dollar ($3,000.00) debt was given to the sister on November 12, 1982, just before the trial of this case.

While it is proper to consider marital debts in making an equitable distribution of marital assets [*Levy v. Levy,* 277 S. C. 576, 291 S. E. (2d) 201, 202 (1982)], it is also incumbent upon the court which apportions such debts to ensure that the debts were incurred for the joint benefit of the parties during the marriage. 277 S. C. at 578, 291 S. E. (2d) at 203 (Harwell, J., dissenting). Here, there is a conflict

in the evidence regarding the amount of the loans and the dates on which the loans were made. Moreover, we are unable to trace the three thousand dollar ($3,000.00) loan to expenditures benefitting the marital estate. The trial judge found that the sums loaned were used to maintain the lavish lifestyle of the parties. However, loans from close family members must be closely scrutinized for legitimacy. We note the trial judge did not consider contributions made by the wife's father. to the parties' living expenses as off-setting credits to her. Fairness dictates that we remand this issue for reconsideration.

In conclusion, we affirm the granting of the divorce to the husband, but reverse those portions of the equitable distribution award which charged the marital estate with the loans from the husband's sister and denied the wife any interest in the office building. These awards are remanded for reconsideration consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

GARDNER and GOOLSBY, JJ., concur.