0999

Merle H. LEATHERWOOD, Respondent v.
Michael G. LEATHERWOOD, Appellant.

(359 S. E. (2d) 89)

Court of Appeals

*Robert N. Rosen,* of *Rosen, Rosen and Hagood,* Charleston, *for appellant.*

*Samuel H. Altman* and *Susan Sweat,* both of *Altman & Sturgis, P.A.,* Charleston, *for respondent.*

Heard June 15, 1987.

Decided July 27, 1987.

SHAW, Judge:

Respondent-wife, Merle H. Leatherwood, brought this action against appellant-husband, Michael G. Leatherwood, seeking a divorce and other relief. The family court granted the wife a divorce on the grounds of adultery and awarded her fifty percent of the marital home, fifty percent of the joint savings account, exclusive use of the marital home for approximately four years, $600 a month alimony and $3,972.60 in attorney's fees. The husband appeals and we affirm in part, reverse in part and remand.

Although, in equity matters, this court has jurisdiction to find facts based on its own view of the preponderance of the evidence, it is not required to disregard findings of the trial judge who is a better position to evaluate. *Allen v. Allen,* 287 S. C. 501, 339 S. E. (2d) 872 (Ct. App. 1986).

These parties were married on May 11, 1963. They have no minor children, but their two sons, both in their twenties, have resided with their mother in the marital home throughout this action. The wife was employed for a brief time during the early years of the marriage and again, later in the marriage when financial difficulties arose from the husband's indictment for criminal activity. The wife is currently employed as a secretary.

The husband argues the family court erred in dividing the marital property. Specifically, he argues the court awarded the wife approximately fifty percent of the total marital assets even though the husband's income accumulated most of the wealth.

In dividing the marital property, the family court followed the stated desires and consent of the parties as to certain items. The remaining items to be divided were the marital home, a joint checking account with a balance of approximately $33,000 and two IRA accounts, one

in the wife's name and the other in the husband's. The court awarded each party the IRA in his or her name. The wife's was worth almost $2,800 and the husband's was worth around $8,500. Therefore, the husband was awarded more than fifty percent of the marital assets not previously agreed to by the parties. Further, although it is true the husband made a greater monetary contribution throughout the twenty two year marriage, the wife did work at the beginning of the marriage and later during the marriage as necessitated by the husband's indictment. Also, the wife contributed her services as a homemaker and is therefore entitled to an equitable interest in the property acquired by the wage-earner husband. *Parrott v. Parrott*, 278 S. C. 60, 292 S. E. (2d) 182 (1982). Determinations regarding the equitable distribution of marital assets rest within the sound discretion of the family court. *Smith v. Smith*, 280 S. C. 257, 312 S. E. (2d) 560 (Ct. App. 1984). We find no abuse of discretion in the equitable award to the wife.

The husband next contends the family court erred in granting the wife exclusive use and possession of the marital home for a period of approximately four years, thus suspending the husband's equity in the home. The wife concedes no special circumstances exist which would warrant such an award. Therefore, under our holding in *Smith*, supra, the family court abused its discretion in granting the wife exclusive possession of the marital home.

The husband further argues the family court abused its discretion in awarding the wife $3,972.60 in attorney's fees. He contends the issues in this case were not complicated enough to justify the amount of fees awarded. While the issues may not have been extremely complex, the allegation of adultery was contested, necessitating much time be invested by the wife's attorney. While the husband is not to be punished by an award to the wife of attorney's fees, the family court found the break up of the marriage was the fault of the husband. Since the wife should not be punished either, we find no abuse in discretion in the award of attorney's fees to the wife.

Since the husband concedes the issue of alimony and wife concedes the issue of life insurance, there is no need for this court to address them.

For the reasons given, the judgment of the family court is Affirmed in part, reversed in part and remanded.

GARDNER and CURETON, JJ., concur.