## 1014

John C. CROMER, Respondent v. Donald E. CROMER and Harleysville Mutual Insurance Company, Appellants.

(360 S. E. (2d) 528)

Court of Appeals

*Richard H. Rhodes* and *C. Roland Jones, Jr.*, Spartanburg, *for appellants.*

*James C. Cothran,* Spartanburg, *for respondent.*

Heard June 16, 1987.

Decided Aug. 10, 1987.

SHAW, Judge:

Appellants, Donald E. Cromer (hereinafter Donald) and Harleysville Mutual Insurance Co. (hereinafter Harleysville) appeal a circuit court order finding respondent John C. Cromer (hereinafter John) entitled to one-half of the proceeds of insurance from the loss of a barn due to fire. The trial court held Donald and Harleysville were jointly and severally liable to John in the amount of $27,500 plus cost. We affirm.

While this court has jurisdiction to find facts based on its own view of the evidence in an equity matter, it is not required to disregard findings of the trial judge who saw and heard the witnesses and is in a better position to evaluate. *Allen v. Allen,* 287 S. C. 501, 339 S. E. (2d) 872 (Ct. App. 1986).

This case arises out of an accounting action brought by John. John and his brother Donald entered into an oral agreement to raise and board horses. To begin the business, a barn was constructed on Donald's land. Each of the brothers contributed around $15,000 to the start of the business. Each contributed time and other monies, approximately in the same amount, to running the business, sharing equally in any profits and losses from the horse business. The business proved to be less profitable than hoped for and Donald lessened his involvement in the operation after health problems arose.

In 1980, Donald purchased insurance on the barn in the name of Sand Box Day Care, Inc. and, in 1982, increased the coverage up to $55,000. John claimed, at both times he questioned Donald as to insurance coverage and his share of the premiums and was told the barn was covered, but Donald never made any demands for contributions toward the premiums.

In 1984, the barn was destroyed by fire. After the fire, John notified Harleysville he claimed an interest in the insurance proceeds and requested no payment be made unless he was included in the disbursement of the proceeds. John then instituted this action naming Harleysville as a defendant and requesting the insurance proceeds be interpleaded into court. After filing of the suit and service upon Harleysville, Harleysville paid the entire $55,000 to Sand Box Day Care, Inc., the named insured.

Donald argues the trial court erred in finding John was entitled to an interest in the policy claiming the insurance was taken out only to cover his half interest in the barn and not for the benefit of the partnership. There is ample evidence in the record to support the trial judge's finding that the insurance was taken out for the benefit of the partnership. There is evidence John believed his brother was handling the insurance on the barn for both of them. In

addition, there was uncontroverted evidence that it was typical for the brothers to take turns paying out of their pockets for the maintenance of the business. Finally, the trial judge stated in his order "having weighed the evidence, and observed the demeanor of the witnesses, *and in particular, the demeanor of the parties,* I find and so conclude that the insurance on the barn was purchased for the partnership ..." (emphasis added). The trial judge was in a better position to evaluate the witnesses and we will not disturb the findings within his sound discretion. *Allen, supra.*

Donald next argues the trial court lacked subject matter jurisdiction to grant a judgment against him since the policy was owned by Sand Box Day Care, Inc., who is not a party to this suit, the premiums were paid from proceeds from the day care operation and the insurance proceeds were paid to Sand Box. We disagree. Donald never contended at trial that he was not the recipient of the insurance proceeds. Where the record fails to reflect a point has been raised in the trial court, that point may not be considered on appeal. *Gurley v. United Services Automobile Assoc.,* 279 S. C. 449, 309 S. E. (2d) 11 (Ct. App. 1983). As pertains to the issue of subject matter jurisdiction, we recognize the issue may be raised for the first time on appeal. *Piana v. Piana,* 239 S. C. 367, 123 S. E. (2d) 297 (1961). However, failure to join Sand Box as a necessary party is not jurisdictional. *Peoples National Bank of Greenville v. Manos Brothers, Inc.,* 226 S. C. 257, 84 S. E. (2d) 857 (1954). Donald's proper action should have been to move to dismiss for failure to join Sand Box as a necessary party under S.C.R. Civ. P. 41(b).

Finally, Harleysville argues the trial court erred in finding it jointly and severally liable to John for half of the insurance proceeds. Harleysville contends there was no privity of contract between John and Harleysville and Harleysville discharged its duty by paying the proceeds to the named insured. It is well settled that a contract of fire insurance is a personal contract between the insurer and insured. *Steinmeyer v. Steinmeyer,* 64 S. C. 413, 42 S. E. 184 (1899). However, a partner may orally agree to insure partnership property for the benefit of all of the partners. *Buffkin v. Strickland,* 280 S. C. 343, 312 S. E. (2d) 579 (Ct. App.

1984). Such an agreement is in the nature of a third party beneficiary contract and gives to each promised partner an equitable lien against the insurance proceeds. *Blackwell v. State Farm Mutual Automobile Insurance Company*, 237 S. C. 649, 118 S. E. (2d) 701 (1961). Moreover, an insurer who makes payment to another after notice and in derogation of such equitable lien does so at its peril. *Blackwell v. State Farm Mutual, supra; Gibbes Machinery Co. v. Niagara Fire Insurance Company*, 119 S. C. 1, 111 S. E. 805 (1922).

While it is true Harleysville may have had no notice John held any interest at the time of the making of the insurance contract, Harleysville was put on notice of such an interest prior to the disbursement of the proceeds. It is not for the insurance companies but for the courts to determine the rights of parties in a partnership. Harleysville was aware of John's claim, but chose to ignore his request that the money be interpleaded into the court. Had Harleysville interpleaded the proceeds, it would have been protected. Therefore, the trial judge was correct in finding Harleysville jointly and severally liable to John for his interest in the insurance proceeds.

For the foregoing reasons, the judgment of the trial court is

Affirmed.

GARDNER and CURETON, JJ., concur.