511 So.2d 1045 (1987)
Kay VAUGHN, Appellant,
v.
AAA EMPLOYMENT, INC., Appellee.
No. 86-2851.
District Court of Appeal of Florida, Second District.
August 5, 1987.
As Amended on Rehearing August 31, 1987.
James A. Byrne of Knaust and Byrne, P.A., St. Petersburg, for appellant.
George F. Wilsey of Fisher and Wilsey, St. Petersburg, for appellee.
DANAHY, Chief Judge.
In this appeal from a nonfinal order, the appellant contends that she is not subject to the personal jurisdiction of the courts of Florida. We agree with the appellant and, accordingly, reverse the order of the trial court which held otherwise.
The appellant is a Mississippi resident who contracted with the appellee, a Florida corporation, to form a self-described "investor-worker" partnership to operate an employment agency under the appellee's name in Lauderdale County, Mississippi. The contract was signed by the appellant in Mississippi and signed by the appellee a day later in Florida. The contract contained language limiting its scope solely to the office to be opened in Lauderdale County, Mississippi, and gave the appellant no *1046 interest in any other employment office operating under the appellee's name. The contract stated that the two partners would share the profits equally but no mention was made regarding where such profit sharing payments, if any, were to be paid. The territory in which the partnership was to conduct business was to be exclusively Lauderdale County, Mississippi. The contract provided that in the event of any subsequent litigation between the parties arising because of the agreement:
This agreement shall be construed under the laws of the State of Florida and venue for such litigation shall be in Pinellas County, Florida.[1]
This litigation ensued. The appellee filed an action in Pinellas County alleging that the appellant abandoned their office and set up her own competing employment office in Lauderdale County, Mississippi. The appellee's suit sought a judicial dissolution of the partnership, damages, and injunctive relief. The appellant contested jurisdiction and moved to dismiss the suit on that basis. She also moved to quash process and service of process. The circuit court denied her motions holding that Florida had personal jurisdiction over her.
The posture of this case is similar to the recent supreme court case of C.R. McRae v. J.D./M.D., Inc., 511 So.2d 540 (Fla. 1987) which we must consider as controlling. The only dissimilarity between McRae and the instant case is that the plaintiff/respondent in McRae was not a Florida corporation although it did have an office in Florida. The appellee, plaintiff in the trial court, is a Florida corporation with a Florida office. There is no mention in the contract between the appellant and the appellee that any payments were to be directed to its Florida office and even had the appellee requested that payments be made to its Florida office, such unilateral act by the appellee would not be sufficient to confer personal jurisdiction by providing the appellant with the required minimum contacts necessary under the fourteenth amendment. Meyer v. Auto Club Insurance Association, 492 So.2d 1314 (Fla. 1986).
We can find no acts by the appellant which would place her within the Florida long-arm statute, section 48.193, Florida Statutes (1985). The appellee contends that since the contract was between the appellant and a Florida resident, albeit for an office to be run in Mississippi, that a business venture has been created in Florida because the parties will confer upon the transactions of that business. We point out that it must be the acts of the appellant described in the long-arm statute that confer the jurisdiction and decline to construe that statute as broadly as the appellee would wish. The fact that the contract states that upon dissolution that all books and records of the partnership are to be "turned over" to the appellee is, likewise, insufficient to show that the business is operated in Florida or that the appellant breached a contract in Florida by failing to perform acts required by the contract to be performed in Florida. § 48.193(1)(a) and (g), Fla. Stat. (1985)
We conclude, in accord with the teaching of McRae, that the contractual provision in this case, which purports to confer jurisdiction upon a court in Florida, cannot be the sole basis for personal jurisdiction when the nonresident defendant objects. Moreover, we find that there is no other way in which personal jurisdiction over this appellant can be obtained under the long-arm statute given the instant facts.
We reverse the decision of the trial court and remand with instructions to dismiss this case. Our disposition is without prejudice to appellee's seeking to amend its complaint *1047 in order to allege any other facts which might support jurisdiction over appellant.
SCHOONOVER and HALL, JJ., concur.
NOTES
[1] As can be seen in the quoted paragraph of the contract, choice of laws and venue was agreed upon but there was no specific wording concerning choice of forum. We shall assume that this contractual provision attempts to confer jurisdiction on the court in Pinellas County without deciding whether language which mentions choice of law and venue, omitting choice of forum, properly confers such jurisdiction. We make this assumption because we find that this case can and should be decided on other grounds. We leave the choice of forum issue (i.e., the language necessary to properly invoke a Florida forum) to a case with facts that more squarely present it.