1089

Dennis SUMNER, Appellant v. JANICARE, INC., Southern Power Wash, Inc., and AMJ Partnership, Respondents.

(366 S. E. (2d) 20)

Court of Appeals

*Spencer Andrew Syrett,* Columbia, *for appellant.*

*G. Trenholm Walker,* Charleston, *for respondents.*

Heard Jan. 25, 1988.

Decided Feb. 22, 1988.

SHAW, Judge:

Appellant, Dennis Sumner, brought this action seeking to set aside the transfer of assets from respondents Janicare, Inc. (hereinafter Janicare) and Southern Power Wash (hereinafter S.P.W.) to respondent AMJ Partnership (hereinafter AMJ). From an order refusing to set aside the transfer, Sumner appeals. We affirm.

Although this court has jursidiction in equity matters to find facts based on its own view of the evidence, we will give due deference to the findings of the trial judge who saw and heard the witnesses and was in a better position to evaluate their testimony. *Allen v. Allen,* 287 S. C. 501, 339 S. E. (2d) 872 (Ct. App. 1986).

Sumner, a former employee of Janicare and S.P.W., brought a previous action against his employer for unpaid wages. A judgment was entered in favor of Sumner for back wages and a statutory penalty. This initial action was heard before a trial judge on September 13, 1984, but the order was not issued until April 10, 1985. Sumner then obtained an Execution of the judgment and requested the Sheriff for Charleston County to levy on certain assets believed to belong to Janicare. Subsequently, Janicare produced documents purporting to show a sale of all assets to AMJ in February of 1985. Sumner instructed the sheriff to postpone the sale and instituted this action to set aside the transfer alleging a violation of Section 27-23-10 et seq. and Section 36-6-101 et seq. of the South Carolina Code of Laws (1976).

Sumner first argues the trial judge erred in refusing to set aside the transfer under Section 27-23-10 commonly referred to as the Statute of Elizabeth. Under this statute, a transfer for valuable consideration may be set aside only where the transfer is made by the grantor with the actual intent of defrauding his creditors and when the intent is imputable to the grantee. *Gardner v. Kirven*, 184 S. C. 37, 191 S. E. 814 (1937). Sumner concedes the transfer was for valuable consideration. The trial judge found there was no fraudulent intent. We find ample evidence to support this finding. Therefore, the trial judge was correct in refusing to set aside the transfer under the Statute of Elizabeth.

Sumner next contends the trial judge erred in refusing to grant relief under Section 36-6-101 et seq., the Bulk Transfers Act. He argues no steps were taken to comply with the bulk sales notice requirements under that act. Section 36-6-105 provides in part:

> ... any bulk transfer subject to this Chapter ... is ineffective against any creditor of the transferor unless ... the transferee gives notice of the transfer....

However, Section 36-6-102(3) provides "enterprises subject to this Chapter are all those whose principal business is the sale of merchandise from stock, including those who manufacture what they sell."

It is clear Janicare and S.P.W. were not engaged in the principal business of sale of merchandise from stock. Any sale of such merchandise was a minimal part of the business at best. Therefore, the transfer of assets from Janicare and S.P.W. to AMJ was not subject to the provisions of the Bulk Transfers Act.

The judgment below is affirmed.

Affirmed.

CURETON and GOOLSBY, JJ., concur.