1852

FIRESTONE FINANCIAL CORP., A Massachusetts Corp., Appellant v. Phail A. OWENS, Respondent.

(419 S.E. (2d) 830)

Court of Appeals

*Raymond C. Fischer*, Georgetown, *for appellant.*

*John M. Hilliard, III*, Georgetown, *for respondent.*

Heard June 9, 1992.

Decided July 13, 1992.

GARDNER, Judge:

Firestone Financial Corporation (Firestone) brought this action in the Court of Common Pleas, County of Georgetown, South Carolina. The complaint alleges an action for the enforcement of a judgment rendered against Phail A. Owens in Massachusetts. The circuit court judge referred the case with finality to the Master-in-Equity. The Master, by the appealed order, found that the Massachusetts judgment was unenforceable because the court lacked personal jurisdiction over Owens. We reverse and remand.

## ISSUE

The sole issue of merit is whether the Master erred in finding that the Massachusetts Court lacked personal jurisdiction over Owens.

## FACTS

Phail Owens and Wendy Plage are partners using the trade name of Graphic Ideas. The partnership leased equipment from Firestone. Owens and Plage signed the lease and a guarantee of the payments provided by the lease and Plage signed a receipt for the delivery and installation of the equipment. There is no question but what the execution of the receipt and the guaranty agreement was proper in every respect. The appealed order contained the following: "It is important to note that the lease was not signed 'Phail Owens d/b/a/ Graphic Ideas.' "

An inspection of the lease, copy of which is of record, reflects that Owens signed the lease without stating in what capacity she signed it. Underneath her name are the words "Authorized Signature and Title."

The appealed order held:

4. In the absence of the Defendant signing individually as a lessor on the lease purporting to subject the matter to the jurisdiction of the Massachusetts Court, the claim for jurisdiction fails. There is no other jurisdictional claim.

The complaint in the action in Massachusetts alleges that Firestone is a Massachusetts corporation alleging its usual place of business to be in Middlesex County, Massachusetts. The complaint also alleges that Owens and Plage d/b/a

Graphic Ideas is a Georgia company doing business in Roswell, Georgia.

## DISCUSSION

We hold that it was not necessary for Owens to specify that she signed the lease as a partner. S.C. Code Ann. § 33-41-310(1) (1990) provides in pertinent part:

(1) Every partner is an agent of the partnership for the purpose of its business and the act of every partner, . . . binds the partnership, unless the partner so acting has in fact no authority to act for the partnership in the particular matter and the person with whom he is dealing has knowledge of the fact that he has no such authority.

We hold that under the above statute Owens was an agent of the partnership of Graphic Ideas.[1] We hold that her signature, under the circumstances of this case, bound her individually and Graphic Ideas, the partnership to which Owens belonged. We, therefore, reverse the appealed order insofar as it held that Owens' signature did not bind the partnership or Owens individually.

We also find that the trial judge erred in holding that the Massachusetts court lacked jurisdiction to enter judgment. The lease provides in pertinent part:

This Agreement shall be considered to be a MASSA-CHUSETTS contract and shall be deemed to have been made in Middlesex County, Massachusetts, regardless of the order in which the signature of the parties shall be affixed hereto, and shall be interpreted, and the rights and liabilities of the parties hereto determined, in accordance with the law, and in the courts of the Commonwealth of Massachusetts.

It has long been the law of the State of South Carolina that lack of subject matter jurisdiction cannot be waived even by consent but lack of jurisdiction of the person may be waived. *Lillard v. Searson*, 170 S.C. 304, 170 S.E. 449 (1933). We, accordingly, hold that Owens waived her right to be sued in

---

[1] *See Buffkin v. Strickland*, 280 S.C. 343, 312 S.E. (2d) 579 (Ct. App. 1984).

South Carolina by consenting that the action for breach of the lease would be tried in the State of Massachusetts.

For the above reasons, the appealed order is reversed and the case is remanded for purposes of entry of judgment in accordance with this decision.

Reversed and remanded.

SHAW, J., and LITTLEJOHN, Acting Judge, concur.

