2029

LOYD & RING'S WHOLESALE NURSERY, INC., Respondent v. LONG & WOODLEY LANDSCAPING AND GARDEN CENTER, INC., f/k/a Sowell & Woodley Landscaping and Garden Center, Inc., Appellant.

(431 S.E. (2d) 632)

Court of Appeals

*Richard C. Detwiler* and *Hal Hanlin,* both of *Callison, Tighe, Robinson & Anastasion,* Columbia, *for appellant.*

*Spencer Andrew Syrett,* Columbia, *for respondent.*

Heard April 13, 1993.

Decided June 7, 1993.

CURETON, Judge:

Long & Woodley Landscaping and Garden Center, Inc. (the buyer) appeals the trial court's order giving full faith and credit to a Florida default judgment granted against it and in favor of Loyd & Ring's Wholesale Nursery, Inc. (the seller). We reverse.

In April 1990 the seller filed suit against the buyer in the circuit court for Hillsborough County, Florida, alleging that the buyer had failed to pay for certain goods. In its affidavit, the seller stated the buyer had consented to the jurisdiction of the Florida courts. The Florida court granted the seller a default judgment in August 1990.

In September 1990 the seller filed an action in common pleas court in South Carolina to enforce the Florida judgment. The trial court held that the foreign judgment should be given full faith and credit in South Carolina. It entered judgment against the buyer for $12,690, plus interest and attorney fees.

The trial court ruled that (1) because Florida's long-arm statute provides Florida courts have jurisdiction over any person who breaches a "contract in [Florida] by failing to perform acts required by the contract to be performed in [Florida]," Florida clearly has attempted to expand its jurisdiction to the limits of due process under *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); and (2) "because payment [for the goods] was to [be] made in Florida, the statute is sufficient to establish jurisdiction over the [buyer]." The trial court also found the buyer had consented to Florida's jurisdiction.

## I.

The buyer first asserts the trial court erred in finding the Florida decree was entitled to full faith and credit because it had insufficient minimum contacts with Florida to render it subject to personal jurisdiction. We agree.

The facts of this case are undisputed. The only testimony presented at trial was that of Rick Woodley, a principal of the buyer. Woodley stated that the contract was negotiated by phone. Someone named "Julie" or "Judy," a sales representative of the seller, called him from Florida. He never called her or travelled to Florida. After she had called him several times to solicit business, he placed an order with her. They did not discuss terms of payment or the venue provision. This pur-

chase was the first time the buyer had dealt with the seller. The seller then shipped the goods to the buyer's place of business in reliance upon the telephone order. The buyer accepted the goods and sent a check for $1,000 as partial payment, but did not pay the balance.

The buyer claims the above-mentioned activities do not constitute minimum contacts with Florida sufficient to support long-arm jurisdiction. It claims it did not purposefully avail itself of the privileges and benefits of doing business in Florida, but that the seller purposefully availed itself of the benefits of doing business in South Carolina.

The validity and effect of a foreign judgment must be determined by the laws of the state that rendered the judgment. *Hamilton v. Patterson*, 236 S.C. 487, 492, 115 S.E. (2d) 68, 70 (1960); *Purdie v. Smalls*, 293 S.C. 216, 220, 359 S.E. (2d) 306, 308 (Ct. App. 1987).

In *Venetian Salami Co. v. Parthenais*, 554 So. (2d) 499 (Fla. 1989), the Florida Supreme Court considered the circumstances under which a Florida court may exercise jurisdiction over a nonresident defendant pursuant to Florida's long-arm statute.[1]

The court stated that in determining whether long-arm jurisdiction is appropriate in a particular case, two inquiries must be made: (1) whether the complaint alleges sufficient facts to bring the action within the ambit of the long-arm statute, and (2) if so, whether there are sufficient minimum contacts to satisfy due process? The court observed that by enacting § 48.193, the Florida legislature had stated the requisite basis for obtaining jurisdiction over a foreign defendant as far as Florida was concerned, but did not specifically address whether the federal constitutional requirement of minimum contacts had been met. *Id.* at 500.

---

[1]Florida Statutes Ann. § 48.193 (West 1993), or "[a]cts subjecting person[s] to [the] jurisdiction of [the] courts of [this] state," provides in part:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:

\* \* \* \* \* \* \*

(g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.

Whether the constitutional requirement of minimum ■ contacts has been met will depend on the facts of each case. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 485-86, 105 S.Ct. 2174, 2189-90, 85 L.Ed. (2d) 528 (1985). In *Burger King,* the Supreme Court considered the exercise of personal jurisdiction over a foreign defendant under § 48.193(1)(g). It held that an individual's contract with an out-of-state party cannot alone establish sufficient minimum contact's in the other party's home forum. Personal jurisdiction is not determined by a mechanical test. The parties' prior negotiations, the consequences of their actions as contemplated by the parties, the terms of the contract, and the parties' actual course of dealings must be considered in evaluating whether a defendant purposefully established minimum contacts within the forum. *Id.* at 478-79, 105 S.Ct. at 2185-86.

Moreover, the unilateral act of a Florida plaintiff does ■ not provide a foreign defendant with adequate minimum contacts to confer personal jurisdiction. *Vaughn v. AAA Employment, Inc.,* 511 So. (2d) 1045, 1046 (Fla. Ct. App. 1987). The conduct of the foreign defendant must be his own purposeful activities and not the unilateral activities of another. *See Meyer v. Auto Club Ins. Ass'n,* 492 So. (2d) 1314, 1315 (Fla. 1986).

The failure to pay money owed in Florida is an insuffi-■ cient minimum contact to subject the buyer to the personal jurisdiction of a Florida court. *Venetian Salami,* 554 So. (2d) at 503; *see Burger King,* 471 U.S. at 485, 105 S.Ct. at 2189; *cf. Armaly v. Practice Management Assocs., Inc.,* 533 So. (2d) 920, 922 (Fla. Ct. App. 1988) (a Florida court had personal jurisdiction over a South Carolina defendant in a breach of contract action brought by a Florida plaintiff where the contract required both payment in Florida and weekly reports to be made by the plaintiff in Florida, and specifically provided for the contract's interpretation under Florida law as well as for both jurisdiction and venue in Florida).

We agree with the trial court that the seller's complaint alleges facts which bring the action within the ambit of Florida's long-arm statute.

We reject the trial court's finding that the act of payment by mail to Florida was sufficient to subject the buyer to the Florida court's jurisdiction. The buyer did not visit the seller's

place of business in Florida and had no previous dealings with the seller, and the seller initiated contact with the buyer in South Carolina.

Although we presume payment was to be mailed to the ■ seller's place of business in Florida,[2] the "quality and nature" of this single contact was so "fortuitous and attenuated" such that it would be unfair to find the buyer availed himself of the benefit of conducting business in Florida and could reasonably have anticipated being haled into court there. *Burger King*, 471 U.S. at 486, 105 S.Ct. at 2189; *Venetian Salami*, 554 So. (2d) at 503.

## II.

The buyer next asserts the trial court erred by finding that it consented to jurisdiction when its employee signed three shipping invoices stipulating "venue" in Hillsborough County, Florida. We agree.

The invoices contain a statement of "terms" which provides:

> In the event of a default of payment on this invoice, the buyer agrees to pay . . . reasonable attorney's fees and any other legal fees necessary for the collection of this ˙ obligation. It is agreed venue will be in Hillsborough County [Florida].[3]

Juan Mendez was the buyer's employee and signed the invoices on the buyer's behalf. Mendez was employed in shipping and receiving and had authority to accept shipments of goods to the buyer, to sign invoices for items received, and to ship goods out for the buyer. Mendez did not have authorization to negotiate contract terms. Woodley did not recall seeing the venue language on the invoices prior to being served in the Florida action.

The buyer argues that venue and jurisdiction are not synonymous and that consent to venue is not consent to personal jurisdiction. Although the seller concedes that venue and jurisdiction are not synonymous, it claims that the buyer tacitly

---

[2]The buyer mailed a check for $1,000 to the seller's address in Florida. However, the invoice terms do not provide for the place or mode of payment.

[3]At oral argument, the buyer's counsel suggested that the seller had mistakenly used invoices tailored to the seller's routine business within Florida. The invoices state that venue will be in Hillsborough County, omitting reference to Florida.

agreed to jurisdiction by agreeing to venue, because the clause would otherwise be meaningless in the context of this case.[4] It argues that the language of the waiver is not inconspicuous, but appears in bold type enclosed in a box on the front of the invoices.

We consider *McRae v. J.D./M.D., Inc.*, 511 So. (2d) 540 (Fla. 1987), to be dispositive of whether the language of the invoices was effective to waive objection to the exercise of personal jurisdiction by the Florida court. In *McRae*, the Florida Supreme Court held that a forum selection clause in a contract designating Florida as the forum cannot operate as the sole basis for a Florida court to exercise personal jurisdiction over an objecting nonresident defendant. *Id.* at 543-44. There must be an independent basis under § 48-193, and there must otherwise be minimum contacts, for the Florida court to exercise jurisdiction. It is only after the Florida Court "has in personam jurisdiction over the [buyer] that . . . the enforceability of a forum selection clause comes into play." *Id.* at 544.

Accordingly, we hold the buyer's failure to make payment by mail in Florida, though arguably an act within the ambit of § 48.193, even when considered in conjunction with the forum selection clause in the invoices, does not provide the minimum contacts necessary to subject the buyer to Florida's jurisdiction.

Finally, the seller contends that because the buyer received actual notice of the Florida action but chose to do nothing, and furthermore, because the buyer had no defense to the action, this court should sustain the trial court's ruling. These matters do not impact upon a determination of personal jurisdiction. We find them to have no merit and dispose of them under the provisions of S.C. Code Ann. § 14-8-250 (1976) as amended, and Rule 220(b)(2), SCACR.

Accordingly, the judgment of the trial court is

reversed.

SHAW and GOOLSBY, JJ., concur.

---

[4] Whether consent to venue is also consent to jurisdiction is not settled under Florida law. *See Vaughn*, 511 So. (2d) at 1046 n. 1 (Because it had determined that the defendant's minimum contacts with Florida were otherwise inadequate, the court observed that it was unnecessary to determine whether the defendant, by agreeing to choice of Florida law and to venue in a Florida court, had agreed to the jurisdiction of a Florida court).