495 S.E.2d 804

**REPUBLIC LEASING COMPANY, INC., Appellant,**

**v.**

**Richard Wayne HAYWOOD, individually and d/b/a/ Haywood's Discount Drugs, Respondent.**

**REPUBLIC LEASING COMPANY, INC., Appellant,**

**v.**

**CENTER VETERINARY HOSPITAL, INC. and Ray H. Coble, Jr., Respondents.**

**REPUBLIC LEASING COMPANY, INC., Appellant,**

**v.**

**ST. PAULS DRUG CO., INC. and James E. Cash, Respondents.**

**No. 2777.**

Court of Appeals of South Carolina.

Submitted Nov. 4, 1997.

Decided Jan. 5, 1998.

Rehearing Denied Feb. 19, 1998.

Robert L. Widener, Julianne Farnsworth, and James Edward Bradley, McNair Law Firm, Columbia, for appellant.

Wilburn Brewer, Jr., and Marcus A. Manos, Nexsen, Pruet, Jacobs & Pollard, Columbia, for respondents Center Veterinary Hospital, Inc. and Ray H. Coble, Jr.

H. Flynn Griffin, Ill, of Anderson & Associates, Columbia; and Karen C. Dyer, of Duker, Barrett & Gravante, Fort Lauderdale, FL, for respondents St. Pauls Drug Co., Inc. and James E. Cash.

Grady L. Patterson, III, of Quinn, Patterson & Willard, Columbia, for respondent Richard Wayne Haywood.

HEARN, Judge:

These consolidated appeals arise out of the breach of a lease agreement between a South Carolina lessor and out-of-state lessees. The lessor appeals the trial court's dismissal of its lawsuit for lack of personal jurisdiction. It also disputes the trial court's finding that its filing of affidavits was untimely and contained impermissible hearsay. We reverse.[1]

## ISSUE

The dispositive issue in this appeal is whether the trial court erred in refusing to exercise personal jurisdiction based solely on the consent to jurisdiction clause.

## FACTS

This dispute centers on a consent to jurisdiction clause contained in a lease agreement between Republic Leasing and each of the Respondents, which include the presidents of two drug stores and one veterinarian clinic. The lease agreements originated with a third-party vendor, Recomm International Display, Ltd., who sold in-store advertising equipment to

---

[1]. We decide this case without oral argument pursuant to Rule 215, SCACR.

Respondents. In addition to the lease, Respondents guaranteed all obligations under the lease to Recomm's "Designated Leasing Company." Six weeks later, Republic took title to the equipment, thereafter leasing it to Respondents. At this time, Republic stamped its name on the lease and notified Respondents that all payments should be sent to its address in Lexington, South Carolina. After software problems rendered the equipment useless, Respondents ceased making payments.

Republic commenced these causes of action in February 1996, alleging breach of an equipment lease and seeking judgments of $4,954.70, $5,662.82, and $10,170.42, including attorney fees and interest. Respondents filed motions to dismiss asserting lack of jurisdiction. The special circuit court judge granted these motions.

Paragraph 17 of the lease agreements provided by Recomm to Respondents contains a consent to jurisdiction clause, which provides:

"APPLICABLE JURISDICTION" MEANS THE STATE, AS MAY CHANGE FROM TIME TO TIME, WHERE THE HOLDER OF THE LESSOR'S INTEREST IN THIS LEASE MAINTAINS ITS PRINCIPAL OFFICE RESPONSIBLE FOR ADMINISTERING THIS LEASE. THIS LEASE SHALL BE BINDING WHEN ACCEPTED IN WRITING BY US AND SHALL BE GOVERNED BY THE LAWS OF THE APPLICABLE JURISDICTION, PROVIDED HOWEVER, IN THE EVENT THIS LEASE OR ANY OF ITS PROVISIONS CANNOT BE ENFORCED UNDER THE LAWS OF THAT STATE THEN THE LAWS OF THE STATE WHERE THE EQUIPMENT IS LOCATED SHALL GOVERN. AS USED IN THIS PARAGRAPH 17, "COUNTY OF APPLICABLE JURISDICTION" MEANS THE COUNTY WITHIN THE STATE, AS MAY CHANGE FROM TIME TO TIME, WHERE THE HOLDER OF THE LESSOR'S INTEREST IN THIS LEASE MAINTAINS [ITS] PRINCIPAL OFFICE RESPONSIBLE FOR ADMINISTERING THIS LEASE....

Nowhere does the lease signed by Respondents reference Republic Leasing, Lexington County, or South Carolina. In

addition, Respondents are not registered to do business in South Carolina and have had no professional contact with the State other than making lease payments for approximately three years to Republic. Finally, the record contains no evidence of coercion or misrepresentation about the terms of the contract.

## DISCUSSION

Republic Leasing bore the burden at the pre-trial stage of making a *prima facie* showing of facts sufficient to meet the standards for exercising personal jurisdiction. *Brown v. Investment Management & Research, Inc.*, 323 S.C. 395, 398–400, 475 S.E.2d 754, 756 (1996). We find it met this burden. On appeal, Republic argues the consent to jurisdiction provision contained in the lease agreements with Respondents—standing alone—provides a sufficient basis for finding personal jurisdiction. We agree.

A party may always waive lack of personal jurisdiction. *Lillard v. Searson*, 170 S.C. 304, 307, 170 S.E. 449, 450 (1933); *Firestone Financial Corp. v. Owens*, 309 S.C. 73, 75, 419 S.E.2d 830, 832 (Ct.App.1992); Jack H. Friedenthal et al., *Civil Procedure* § 3.5, at 101–02 & n. 2 (2d ed. 1993). Moreover, it is not the function of courts to rewrite contracts between parties. Our function is limited to the contract's terms, and absent ambiguity, their plain meaning controls our inquiry. *C.A.N. Enters., Inc. v. South Carolina Health & Human Servs. Fin. Comm'n*, 296 S.C. 373, 378, 373 S.E.2d 584, 587 (1988); *Gray v. State Farm Auto Ins. Co.*, 327 S.C. 646, 649, 491 S.E.2d 272, 274 (Ct.App.1997).

Forum selection clauses have historically been disfavored by American courts. *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972). Today, however, they are *prima facie* valid and enforceable when made at arm's length by sophisticated business entities, absent a compelling reason for abrogation. *Id.; Scott v. Guardsmark Security*, 874 F.Supp. 117, 120 (D.S.C.1995). Forum selection clauses will not be enforced if unreasonable or unjust. *Id.* Courts must scrutinize them for "fundamental fairness." *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595, 111 S.Ct. 1522, 1528, 113 L.Ed.2d 622 (1991). This court

noted its approval of forum selection provisions in *Firestone Financial Corp. v. Owens,* 309 S.C. 73, 75–76, 419 S.E.2d 830, 832 (Ct.App.1992).

In *M/S Bremen,* the United States Supreme Court found a forum selection provision was a vital part of the parties' agreement and held compelling reasons favored enforceability. Noting that "there is nothing in the record presently before us that would support a refusal to enforce the forum clause," the Court held: "A contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." 407 U.S. at 15, 92 S.Ct. at 1916.

Subsequently, in *Carnival Cruise Lines, Inc.,* the Court upheld the enforceability of a forum selection clause in a passage contract ticket. The Court noted the advantages of certain standard contracts—namely lower transaction costs—and rejected the language in *M/S Bremen* requiring that forum selection clauses be "bargained for." *Carnival Cruise Lines, Inc.,* 499 U.S. at 593–94, 111 S.Ct. at 1527. "[A] clause establishing *ex ante* the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions." *Id.* Significantly, the Court also rejected the federal court of appeals' "independent justification" for non-enforceability based on financial and geographical inconvenience to the parties. *Id.* In *Firestone,* this court recognized the long-standing rule of law in South Carolina that a party may waive lack of personal jurisdiction through consent to a specified forum. 309 S.C. at 75–76, 419 S.E.2d at 832. Each of these holdings ignored the two-step due process analysis of *International Shoe Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and its progeny.

The special circuit court judge in this case relied on *Loyd & Ring's Wholesale Nursery, Inc. v. Long & Woodley Landscaping & Garden Center, Inc.* in ruling that Republic's forum selection provision did not provide a sufficient basis for exer-

cising personal jurisdiction. 315 S.C. 88, 431 S.E.2d 632 (Ct.App.1993). Respondents argue *Loyd & Ring's* is controlling because the defendants in that case had greater contacts with the forum state than Respondents have here. We disagree.

Whereas *Loyd & Ring's* is similar facially, the case is factually distinct. The *Loyd & Ring's* court examined this issue in determining whether a consent to venue clause amounts to consent to jurisdiction. *Id.* Moreover, although this court stated an "independent basis" for jurisdiction must exist in a dispute involving a forum selection clause, it based its decision on Florida law. *Id.* at 94, 431 S.E.2d at 636 (citing Fla.Stat.Ann. § 48.193 (West 1993) and *McRae v. J.D./M.D., Inc.,* 511 So.2d 540 (Fla.1987)). Therefore, the court did not address the present issue directly.

The litmus test gleaned from our review of the case law shows that courts must closely scrutinize consent to jurisdiction clauses for "fundamental fairness." *Carnival Cruise Lines, Inc.,* 499 U.S. at 595, 111 S.Ct. at 1528. In the absence of unfairness or undue influence, these clauses are considered enforceable. In this case, Respondents have not demonstrated that unfairness would result if the consent to jurisdiction provision were enforced.

First, while Respondents argue they had no notice at the time they signed the contract that Republic Leasing would be the lessor or that Lexington County would be the situs of jurisdiction, they do not dispute notice of the consent to jurisdiction provision itself. In addition, Respondents are professional businesspeople as opposed to uninformed consumers. To this extent, they dealt at arm's length in negotiating the original contract. Unlike the clause in *Scott,* the disputed provision is in bold-face capitalized type, not fine print.

Second, as the Supreme Court noted in *M/S Bremen,* it would be unrealistic to think that professional parties conduct their dealings without considering the costs and benefits of a consent to jurisdiction provision, which would clearly have an effect on the monetary terms of any contract. Had Respondents found the terms of the lease untenable, they could have rejected the consent to jurisdiction provision at that time, or renegotiated its terms with Republic Leasing.

Finally, our supreme court has consistently upheld contractual provisions "regardless of their wisdom, folly, or apparent unreasonableness." *C.A.N. Enters., Inc.*, 296 S.C. at 378, 373 S.E.2d at 587; *Gray,* 327 S.C. at 649, 491 S.E.2d at 274. Here, although the consent to jurisdiction provision is an unusual one because it arguably promotes uncertainty to the extent the county and state of jurisdiction may change, we have found no internal ambiguity or "fundamental unfairness" within the lease agreement or forum selection provision to allow us to depart from the contract's plain language. Therefore, Respondents' motions for dismissal should have been denied.

We need not consider Republic's remaining arguments in light of our decision. Accordingly, the special circuit judge's grant of summary judgment is

**REVERSED.**

HOWELL, C.J., and STILWELL, J., concur.