**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Arthur Singleton and Bernice Singleton, Respondents,

v.

Andrew Singleton, Appellant.

Appellate Case No. 2010-178366

———————————

Appeal From Beaufort County
Marvin H. Dukes, III, Master-in-Equity

———————————

Unpublished Opinion No. 2012-UP-391
Heard June 5, 2012 – Filed June 27, 2012

———————————

**AFFIRMED**

———————————

Otto W. Ferrene, Jr., Law Offices of Ferrene & Associates, P.A., of Hilton Head Island, for Appellant.

Louis O. Dore, Dore Law Firm, P.A., of Beaufort, for Respondents.

———————————

**FEW, C.J.**: Andrew Singleton appeals from an order finding he held real property in Beaufort County in trust for his siblings, Arthur and Bernice Singleton, and requiring that he transfer a one-third interest to each of them. Andrew conceded at oral argument that a trust exists. However, he disputes the identities of the

beneficiaries.  Andrew argues all of the extended family members now living on the property are beneficiaries because he allowed them to live on the property.  The master-in-equity found the only beneficiaries were Andrew, Arthur, and Bernice.  We agree with the master.

There were several theories advanced as to how the trust was created.  However, there is no theory of the trust under which it could have been created after 1959.  At that time, the only possible beneficiaries were the siblings and their parents, who are now deceased.  There is no evidence in the record that Andrew was given the duty or power to increase the class of beneficiaries.  Accordingly, we affirm the master's finding that the trust existed for the benefit of Andrew, Arthur, and Bernice.

Andrew's argument that the extended family members living on the property are indispensable parties under Rule 19, SCRCP, is unpreserved because it was not raised to the master either during the trial or in a post-trial motion.  *See Kiriakides v. Atlas Food Sys. & Servs., Inc.*, 343 S.C. 587, 596, 541 S.E.2d 257, 262 (2001) (stating "defense of failure to join indispensable parties is waived if not raised at trial"); *Cromer v. Cromer*, 293 S.C. 360, 363, 360 S.E.2d 528, 530 (Ct. App. 1987) (stating failure to join a "necessary party is not jurisdictional" and, therefore, cannot be raised for the first time on appeal).

Finally, we find an additional sustaining ground for affirming the master's decision to order that an interest in the property be conveyed to Arthur and Bernice.  The siblings orally agreed Andrew would convey two-thirds of the property to Arthur and Bernice.  The statute of frauds is satisfied as to this agreement to convey real property by a deed signed in 1995 by all three siblings that conveys a one-third interest each to Arthur and Bernice.[1]  *See* S.C. Code Ann. § 32-3-10(4) (2007) (An oral contract to convey real property may be enforced if "the agreement upon which such action shall be brought or some memorandum or note thereof shall be in writing and signed by the party to be charged therewith . . . ."); *Player v. Chandler*, 299 S.C. 101, 106, 382 S.E.2d 891, 895 (1989) ("The writing must reasonably identify the subject matter of the contract, sufficiently indicate a contract has been made between the parties, and state with reasonable certainty the essential terms of the agreement.").

---

[1] The deed was improperly executed, and Andrew did not record it.

Accordingly, the relief in the master's order requiring the conveyance of two-thirds of the title to Arthur and Bernice is

**AFFIRMED.**

**HUFF and SHORT, JJ., concur.**