Clarence Lawson SCOTT, Jr., Plaintiff,

v.

GUARDSMARK SECURITY, Defendants.

Civ. A. No. 6:94–1550–3AK.

United States District Court,
D. South Carolina,
Greenville Division.

Jan. 20, 1995.

(1979); *Taylor v. Omaha Property & Cas. Ins. Co.,*     739 F.Supp. 1069, 1073 (E.D.Va.1990).

Suzanne Elizabeth Coe, Greenville, SC, for plaintiff.

Matthew P. Utecht, Haynsworth, Marion, McKay & Guerard; George Dewey Oxner, Jr., Greenville, SC, Stephen H. Biller, and Stephen D. Wakefield, Heiskell, Donelson, Bearman, Adams, Williams & Caldwell, Memphis, TN, for defendant.

## ORDER

GEORGE ROSS ANDERSON, Jr., District Judge.

### Procedural History

■ This matter is before the Court for review of the magistrate's Report and Recommendation. The recommendation has no presumptive weight, and this Court must resolve the dispute. *Matthews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 554–55, 46 L.Ed.2d 483 (1976). The Court performs a *de novo* determination of those portions of the Report and Recommendation to which a party makes a specific objection. The Court may accept, reject or modify the recommendation of the magistrate, or recommit the matter to the magistrate with instructions. 28 U.S.C. § 636(b)(1). The Plaintiff has filed objections to the magistrate's report.

### Facts

The Defendant has moved under Rule 12(b)(2), (3), and (6) of the Federal Rules of Civil Procedure to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim. The Defendant asks this Court to enforce the forum selection clause and time limitation clause in the employment contract. The magistrate recommended that this Court grant the Defendant's motion to dismiss for improper venue. This Court denies all the Defendant's motions.

The Plaintiff alleges that the Defendant fired him in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.* The Plaintiff also alleges a common law cause of action for intentional infliction of emotional distress.

The Defendant hired the Plaintiff as a security guard in early 1993. After ten weeks of work, the Defendant discharged the Plaintiff on July 23, 1993. The Plaintiff claims that the Defendant fired him solely because he wears an ostomy bag. The Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on July 23, 1993. The EEOC issued a Notice of Right to Sue on April 25, 1994. The Plaintiff filed his complaint on June 1, 1994.

The Defendant is a Delaware corporation with its principal place of business in Tennessee. It maintains an office in South Carolina. The Plaintiff is a South Carolina citizen. The cause of action arose in South Carolina, and all the witnesses are South Carolina residents.

Paragraph 18 of the employment contract provides that each party consents to the jurisdiction and venue of the United States District Court for the Western District of Tennessee. It also requires the Plaintiff to bring any legal action arising from the Plaintiff's employment within six months of the date the cause of action arose.

### Personal Jurisdiction

■ The Court denies the Defendant's motion under Federal Rule of Civil Procedure 12(b)(2) to dismiss for lack of personal jurisdiction. To be subject to personal jurisdiction, an out of state party must (1) have

minimum contacts with the forum state such that (2) maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The complaint alleges that the Defendant has an office in South Carolina, does business in South Carolina, and hires employees in South Carolina. These contacts are sufficient for personal jurisdiction. Thus, the Court denies the Defendant's motion to dismiss for lack of personal jurisdiction.

### Improper Venue

The Court denies the Defendant's motion to dismiss under Rule 12(b)(3) for improper venue. The Defendant asserts that the choice of forum provision in the employment contract requires the Plaintiff to sue only in Tennessee. Thus, the Defendant contends that this Court should dismiss the action for improper venue. The Defendant does not dispute that this action meets all the statutory requirements for venue in South Carolina. *See* 28 U.S.C. § 1391.

■ Federal law governs a district court's decision to enforce or not enforce a forum selection clause. *See Stewart Organization v. Ricoh Corp.,* 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). Forum selection clauses are *prima facie* valid and enforceable when made in arms-length transactions by sophisticated business entities absent some compelling and countervailing reason. *Sterling Forest Assoc. v. Barnett–Range Corp.,* 840 F.2d 249, 251 (4th Cir. 1988). However, a court should not enforce a forum selection clause that is "unreasonable or unjust." *See Mercury Coal & Coke v. Mannesmann Pipe and Steel,* 696 F.2d 315 (4th Cir.1982).

■ The relationship between the Defendant and the Plaintiff is not one of sophisticated business entities negotiating at arms-length. Instead, it is an employer-employee relationship. The parties to the contract did not negotiate its terms. The employer dictated the terms of employment. Unequal bargaining power is not justification by itself to hold a provision of a contract invalid. However, the courts must protect the rights of employees from abuse by employers who have more resources at their command.

■ Furthermore, this forum selection clause is merely a clever means for the Defendant to impede the assertion of claims made against it. Inconvenience is a ground to invalidate a forum selection clause when enforcement of the clause would deprive a party of its day in court. *Sterling* at 251. Enforcing this forum selection clause would deprive the Plaintiff of his day in court. The Plaintiff claims only ten thousand dollars in damages. If the Court moves this case to Tennessee, the Plaintiff must retain Tennessee counsel, travel to Tennessee for all proceedings, and transport all the witnesses to Tennessee. This requirement will price the Plaintiff out of the courthouse. This Court will not allow the Defendant to needlessly drive up the cost of the legal system.

■ It would be unjust to force the Plaintiff to bring this action in Tennessee—a forum with which he has no connection—when all the circumstances surrounding this lawsuit took place in South Carolina. The Plaintiff signed the contract in South Carolina and worked for the Defendant in South Carolina. All the witnesses are from South Carolina, and the cause of action arose in South Carolina. Unless the balance of equities is strongly in favor of the Defendant, a court should rarely disturb the Plaintiff's choice of forum. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). Thus, this Court will not dismiss this action for improper venue.

■ Even if the forum selection clause were proper, it does not require the Plaintiff to bring this action in Tennessee. The pertinent contract language merely specifies that "[e]ach party *consents* to the jurisdiction and venue of the U.S. District Court for the District of Tennessee...." (emphasis added). While this provision might establish that venue in Tennessee is proper, it does not establish that venue in South Carolina is not proper. A permissive forum selection clause does not preclude the selection of another forum unless the agreement specifies the preselected forum as exclusive. *See Leasing*

*Servs. Corp. v. Patterson Enters.,* 633 F.Supp. 282 (S.D.N.Y.1986); *G.H. Miller & Co. v. Hanes,* 566 F.Supp. 305 (N.D.Ill.1983). If the contract used mandatory terms such as "shall" or "must," it might limit venue to Tennessee. *See Sterling.* However, consenting to venue in a particular locale does not make venue improper in another locale.

### Failure to State a Claim

The Court denies the Defendant's motion under Rule 12(b)(6) to dismiss this action for failure to state a claim. The contract requires the Plaintiff to bring a cause of action within six months of when the cause of action arose. The Defendant asserts that this provision bars the Plaintiff's claim. This Court does not agree.

The Plaintiff alleges two causes of action. The first is under the ADA, and the second is common law intentional infliction of emotional distress. Thus, the Court must examine the contract's six month limitation under both federal and state law.

■ Congress created the ADA to provide a clear and comprehensive mandate for the elimination of discrimination against individuals with disabilities. *See* 42 U.S.C. § 12101(b)(1). The ADA uses the powers, remedies, and procedures of the Civil Rights Act of 1964. *See* 42 U.S.C. § 12117. Title VII of the Civil Rights Act establishes a special procedure for the prevention of unlawful employment practices. The statute creates time limitations for filing charges with the EEOC and for bringing suit in federal district court. *See* 42 U.S.C. §§ 2000e–5(b), (c), (d) and (e). The Defendant now asserts that it can alter this statutory time by contract. This Court disagrees.

■ After extensive research, this Court has not found a case in which an employer sought to alter this federal statutory deadline by contract. However, this Court will not allow the Defendant to frustrate Congressional intent through a cleverly-drawn unilateral contract. The Defendant's contract would shorten a time limit established by federal mandate. This is abhorrent to public policy and defeats federally-protected rights of workers. This Court would not enforce a contract that required an employee to waive his or her federal protections. Similarly, this Court will not enforce a contract that reduces the time limits to assert a federal cause of action. Therefore, this Court denies the Defendant's motion to dismiss the ADA action for failure to state a claim.

■ This Court also denies the Defendant's motion to dismiss the common law cause of action for intentional infliction of emotional distress. The contract mandates Tennessee law for the resolution of all employment disputes. However, parties cannot override public policy limitations on contractual power created by a state with a materially greater interest in the transaction than the state whose law they choose. *See* Restatement 2d of Conflicts § 187(2)(b)(1971); *see also Barnes Group, Inc. v. C & C Products, Inc.,* 716 F.2d 1023 (4th Cir.1983); *Associated Spring Corp. v. Roy v. Wilson & Avnet, Inc.,* 410 F.Supp. 967 (D.S.C.1976). Clearly, South Carolina has a greater interest in this dispute than Tennessee. The Plaintiff is a South Carolina citizen, the Plaintiff signed the contract in South Carolina, the cause of action arose in South Carolina, the Defendant has an office in South Carolina, the witnesses are South Carolina residents, and the resolution of this dispute will affect South Carolina employees. The only relation to Tennessee is that it is the location of the Defendant's home office. Thus, South Carolina's public policy must control regardless of whether Tennessee's substantive law applies to this dispute. South Carolina law prohibits contractual provisions that reduce a statute of limitations. *See* S.C.Code Ann. § 15–3–140 (Law. Co-op.1976). Therefore, the time limitation in the contract is void, and this Court denies the Defendant's motion to dismiss the common law cause of action for intentional infliction of emotional distress.

THEREFORE, IT IS ORDERED, that this Court denies the Defendant's motions to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim.

IT IS SO ORDERED.