INSURANCE PRODUCTS MAR-KETING, INC. and Donald Feldman, Plaintiffs,

v.

INDIANAPOLIS LIFE INSURANCE COMPANY, Defendant.

No. 9–01–0707–23.

United States District Court,
D. South Carolina,
Beaufort Division.

Dec. 17, 2001.

---

William C. Wood, Jr., James C. Gray, Jr., Columbia, SC, for plaintiffs.

T. Eugene Allen, III, Nexsen Pruet Jacobs & Pollard, LLC, Columbia, SC, for defendant.

## OPINION

BERTELSMAN, Senior District Judge.[1]

In the present action, plaintiffs allege that defendant wrongfully terminated a contract. Plaintiffs are seeking rescission of the contract and a declaratory judgment stating that, due to defendant's conduct, plaintiffs are relieved of their obligations under the contract. Alternatively, plaintiffs are seeking damages for breach of contract.

This matter is before the court on defendant's motion to dismiss for improper venue and lack of subject matter jurisdiction, with supporting brief, and plaintiffs' response to defendant's motion to dismiss.

Plaintiff Donald Feldman is a principal of Insurance Products Marketing, Inc. and is a resident of South Carolina.

Plaintiff Insurance Products Marketing, Inc. ("IPM") is a South Carolina corporation with its principal place of business here. Plaintiff is an independent marketing organization in the business of recruiting general agents for life insurance companies.

Defendant Indianapolis Life Insurance Company is an Indiana company with its principal place of business in Indiana. Defendant is also licensed to conduct business in South Carolina. Plaintiff IPM and defendant entered into a contractual agreement whereby IPM would solicit general agents to write business with defendant. The agreement was called a "Master General Agent Contract."

A forum selection clause was part of the contract. It stated:

This Contract is an Indiana contract and shall be interpreted in accordance with the laws of the State of Indiana. The Master General Agent agrees to subject itself to the jurisdiction of courts in Marion County, Indiana for any legal proceeding arising under this Contract. Master General Agent further agrees that any legal proceeding that it may bring against the Company in connection with this Contract, shall be in Marion County, Indiana.

1. Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

Following the execution of the contract, plaintiffs recruited over one hundred general agents who were appointed as general agents by defendant. Plaintiffs allege that the recruitment of these agents resulted in a premium volume in excess of $250,000.

Plaintiffs allege that defendant then terminated the agreement for the failure of IPM to hit volume targets of $500,000. Plaintiffs claim defendant's termination eliminated the ability of the appointed general agents to produce additional business for defendant, which undermined those general agents' ability to meet their obligations to defendant for commission advances or expense advances made by defendant.

Defendant allegedly failed to support its own program by mishandling applications and processing the business developed through the general agents, thereby impeding the agents' abilities to meet the target obligations identified by defendant. Plaintiffs claim that all of this operated to their detriment. Such failure and misconduct on the part of the defendant allegedly resulted in defendant prematurely terminating the Agreement.

Plaintiffs originally filed this action with the Circuit Court for Beaufort County, South Carolina, and defendant then removed the case to the United States District Court for the District of South Carolina.

### Background

Until relatively recently forum selection clauses were disfavored by the courts, which regarded such clauses as impugning the jurisdiction of the forum court.

■ Since a decision of the Supreme Court of the United States in 1972, this view has been radically altered. *M/S Bre-*

*men v. Zapata Off–Shore Co.,* 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). Since that time forum selection clauses have been viewed as "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Id.* 407 U.S. at 10, 92 S.Ct. 1907. Forum selection clauses may be unreasonable if:

(1) their formation was induced by fraud or overreaching; (2) the complaining party 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state.

*Jewel Seafoods Ltd. v. M/V Peace River,* 39 F.Supp.2d 628, 633 (D.S.C.1999) *(citing M/S Bremen,* 407 U.S. at 10, 92 S.Ct. 1907).

### Basis of Motion to Dismiss

In some forum selection clause cases, a motion to transfer under 28 U.S.C. § 1404(a) is made either alone or as an alternative to a motion to dismiss. In such cases, a separate analysis is required for each motion.[2]

Here, only a motion to dismiss was filed.

As noted above, the motion to dismiss was filed pursuant to FED. R. CIV. P. 12(b)(3), on the basis of improper venue. The motion also states "because of the parties' choice of forum clause ... this court lacks subject matter jurisdiction over this action." Some courts have considered motions to dismiss on the basis of forum selection clauses as motions going to the subject matter jurisdiction of the court, while others have considered a complaint

---

2. *See Jones v. GNC Franchising, Inc.,* 211 F.3d 495 (9th Cir.2000); *International Software Systems, Inc. v. Amplicon, Inc.,* 77 F.3d 112, 114 (5th Cir.1996)*(citing Jones v. Wei-* brecht, 901 F.2d 17 (2d Cir.1990)); *Northwestern Nat. Ins. Co. v. Donovan,* 916 F.2d 372, 375 (7th Cir.1990).

alleging a contract containing such a clause as not stating a claim for relief.[3] Many have used the device employed by the defendant here and consider the motion to dismiss as one raising improper venue.[4]

It seems clear to this court that the subject matter jurisdiction of the court is established if proper under the applicable statutes, here the diversity statute. Further, a claim for relief is stated if the required allegations supporting the substantive claim are made, although the forum where the case is to be heard may be in question. Venue is also proper if the requirements of the federal venue statutes have been met. Here, for example, the propriety of venue under 28 U.S.C. §§ 1391 and 1441, et seq. is not challenged.

■ This court, therefore, concludes that the proper approach is to regard a motion raising a forum selection clause, however labeled, as one to specifically enforce the clause. *See M/S Bremen,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *Shell v. R.W. Sturge Ltd.,* 55 F.3d 1227, 1229 (6th Cir.1995); *Licensed Practical Nurses v. Ulysses Cruises, Inc.,* 131 F.Supp.2d 393, 407–09 (S.D.N.Y.2000) (extensive discussion).

This approach gives the federal jurisdictional and venue statutes their due effect. *See* discussion in *Licensed Practical Nurses,* 131 F.Supp.2d at 404. The issue of the forum selection clause may be raised, however, by a motion to dismiss, for want of a better device, on the ground that an affirmative defense to the forum court's hearing the matter appears on the face of the complaint.

### Erie Analysis of The Motion to Dismiss

If, however, the issue is whether specifically to enforce a clause of a contract, should not state law apply, including its public policy regarding the forum selection clause? At least two courts have so held. *Farmland Industries, Inc. v. Frazier–Parrott Commodities,* 806 F.2d 848, 852 (8th Cir.1986), *rev'd on other grounds, Lauro Lines S.R.L. v. Chasser,* 490 U.S. 495, 109 S.Ct. 1976, 104 L.Ed.2d 548 (1989), and *General Engineering Corp. v. Martin Marietta Alumina, Inc.,* 783 F.2d 352, 356–57 (3d Cir.1986).[5]

■ Nevertheless, the vast majority of circuits have held that federal law applies to all questions regarding the propriety of the forum for an action, including application of a forum selection clause.[6] In strong dicta, the Fourth Circuit has indicated it favors the majority view.[7]

A formal *Erie* analysis bears out the validity of this view. Although *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) concerned a motion to transfer under § 1404(a), its teachings are also instructive in dealing with the motion to dismiss.

In *Stewart,* the Supreme Court, applying principles announced in *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817,

---

3. FED. R. CIV. P. 12(b)(3) states that "the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, ... (3) improper venue, ... (6) failure to state a claim upon which relief can be granted ...."

4. *See* discussion in *Licensed Practical Nurses v. Ulysses Cruises, Inc.,* 131 F.Supp.2d 393 (S.D.N.Y.2000), and *Mead v. Future Medicine Publishing, Inc.,* 1999 WL 1939256 at **2–3 (M.D.N.C. Feb.22, 1999).

5. Certainly differing results on the enforcement of a forum selection clause might lead to forum shopping. *See* 17A JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 124.06[1] (3d ed.1997).

6. *Id.* at § 124.08[2].

7. *See discussion in Sterling Forest Associates, Ltd. v. Barnett–Range Corp.,* 840 F.2d 249 (4th Cir.1988), *rev'd on other grounds, Lauro Lines S.R.L. v. Chasser,* 490 U.S. 495, 109 S.Ct. 1976, 104 L.Ed.2d 548 (1989).

82 L.Ed. 1188 (1938), held that enforcement of a forum selection clause to a § 1404(a) [8] motion to transfer in a diversity case is a matter of federal procedural law. The Court reasoned that 28 U.S.C. § 1404(a), governing transfers to another district due to an inconvenient forum, was a federal statute covering the situation. Thus, the Court continued, § 1404(a) controlled despite the fact that forum selection clauses were against the public policy of the forum state.[9]

State law re-entered the picture, however, when a § 1404(a) analysis was performed. For, said the *Stewart* Court, that statute provided that no one factor was controlling in deciding whether the case should be transferred. Rather, the usual factors of convenience of the parties, location of witnesses, and the interest of justice applied, but the forum selection clause was an additional factor to be considered in reaching a § 1404(a) determination. The Court observed:

> The premise of the dispute between the parties is that Alabama law may refuse to enforce forum-selection clauses . . . as a matter of state public policy. If that is so, the District Court will have either to integrate the factor of the forum-selection clause into its weighing of considerations as prescribed by Congress, or else to apply, as it did in this case, Alabama's categorical policy disfavoring forum-selection clauses. Our cases make clear that, as between these two choices . . . the instructions of Congress are supreme.
>
> *      *      *      *      *      *

Section 1404(a) directs a district court to take account of factors other than those that bear solely on the parties' private ordering of their affairs. The district court also must weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading "the interest of justice." . . . Congress has directed that multiple considerations govern transfer within the federal court system, and a state policy focusing on a single concern or a subset of the factors identified in § 1404(a) would defeat that command. . . . The forum-selection clause, which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration . . . nor no consideration (as Alabama law might have it), but rather the consideration for which Congress provided in § 1404(a).

*Stewart,* 487 U.S. at 30, 108 S.Ct. at 2244–45 (footnote and internal citations omitted).

The *Erie* analysis of the motion to dismiss, although distinct from that for the motion to transfer, must be performed with these principles in mind.

As noted above, the majority of circuits hold that federal law applies to a motion to dismiss as well as to a § 1404(a) motion.[10] In *Manetti–Farrow, Inc. v. Gucci America, Inc.,* 858 F.2d 509 (9th Cir.1988), the court reasoned that the federal statutes concerning venue [11] sufficiently occupy the

---

**8.** 28 U.S.C. § 1404(a) reads: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

**9.** For a discussion of the developments of the *Erie* doctrine, *see Wm. H. McGee & Co. v. Liebherr America, Inc.,* 789 F.Supp. 861

(E.D.Ky.1992); *Boggs v. Blue Diamond Coal Co.,* 497 F.Supp. 1105 (E.D.Ky.1980).

**10.** The issue was not settled by the Supreme Court in *M/S Bremen,* because jurisdiction in that case was based on maritime law. Therefore, there was no *Erie* issue.

**11.** 28 U.S.C. §§ 1391, 1404–1413.

field to trigger the application of federal law to all issues relating to where an action will be heard in federal court.[12] Such federal law includes the federal common law principles prescribed in *M/S Bremen*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *accord Royal Bed and Spring Co., Inc. v. Famossul Industria e Comercio de Moveis Ltda.*, 906 F.2d 45 (1st Cir.1990); *Evolution Online Systems, Inc. v. Koninklijke PTT Nederland N.V.*, 145 F.3d 505 (2d Cir.1998); *cf. Licensed Practical Nurses*, 131 F.Supp.2d at 396, n. 1; 17A JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 124.006[2] (3d ed.1997).

Further, the application of federal law to all issues of venue, including the effect of a forum selection clause, is required by the most recent Supreme Court *Erie* decisions such as *Stewart, supra,* and *Burlington Northern R.R. Co. v. Woods*, 480 U.S. 1, 107 S.Ct. 967, 94 L.Ed.2d 1 (1987) (state statute providing for automatic 10% penalty against appellant on affirmance displaced by federal statute allowing for penalty only if appeal frivolous); *see also* discussion in *Wm. H. McGee Company v. Liebherr America, Inc.*, 789 F.Supp. 861 (E.D.Ky.1992).

In *M/S Bremen*, the Supreme Court prescribed that forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances."[13] Unless affected by fraud, undue influence, or overweening bargaining power, the forum selection clause should be given full effect.[14]

## Public Policy and Forum Selection Clauses

■ Such a clause also "should be held unenforceable if enforcement would contravene a *strong public policy* of the forum in which suit is brought, whether declared by statute or a judicial decision."[15]

■ Plaintiff cites South Carolina Statute § 15–7–120 as embodying just such a strong public policy. That statute reads:

(A) Notwithstanding a provision in a contract requiring a cause of action arising under it to be brought in a location other than as provided in this title and the South Carolina Rules of Civil Procedure for a similar cause of action, the cause of action alternatively may be brought in the manner provided in this title and the South Carolina Rules of Civil Procedure for such causes of action.

(B) A provision in an arbitration agreement that arbitration proceedings must be held outside this State is not enforceable with respect to a cause of action, which, but for the arbitration agreement, is triable in the courts of this State. The method of selecting a forum for the conduct of the arbitration proceedings is as provided in this title, the Federal Arbitration Act, and any applicable rules of arbitration.

(C) This act applies to contracts entered into after the effective date of this section.

It is clear that just because there is an applicable statute does not mean that the court must automatically refuse to enforce

---

**12.** If federal law covers the point in dispute, a court should not proceed "to evaluate whether application of federal judge-made law would disserve the so-called 'twin aims of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws.'" *Stewart*, 108 S.Ct. at 2243, n. 6.

**13.** 407 U.S. at 10, 92 S.Ct. 1907. There is no claim here of fraud or overreaching by including the forum selection clause in the contract.

**14.** *Id.* at 12–13, 92 S.Ct. 1907.

**15.** *Id.* at 15, 92 S.Ct. 1907 (emphasis added).

the forum selection clause. *See, e.g., Shell,* 55 F.3d 1227 (6th Cir.1995); *accord Afram Carriers, Inc. v. Moeykens,* 145 F.3d 298 (5th Cir.1998); *Richards v. Lloyd's of London,* 135 F.3d 1289 (9th Cir.1998). Rather, the court must determine whether the statute embodies the *strong* public policy of the forum state.[16]

In the case at bar, the court holds that the South Carolina statute does embody the strong public policy of the state. In a similar case, the Ninth Circuit examined the legislative history of a state statute to assess the strength of the public policy embodied therein.[17] Here, neither the parties nor the court has been able to discover any such legislative history.

However, the fact that the statute is applicable to all civil cases across the board, rather than merely to cases involving franchises[18] or some other limited subject matter, leads the court to conclude that the legislature of South Carolina did not agree with the federal courts' favorable view of forum selection clauses and desired to insulate South Carolina litigants from their effect. Further, a broad interpretation was given the statute in *Johnson v. Paraplane Corporation,* 319 S.C. 247, 460 S.E.2d 398 (1995), *vacated on other grounds,* 321 S.C. 316, 468 S.E.2d 620 (1996). Therefore, this court concludes that the statute represents the *strong* public policy of South Carolina.

Therefore, under the principles presented in *M/S Bremen,* the strong public policy pronounced by the legislature and courts of the State of South Carolina is sufficient,

in and of itself, to render the forum selection clause here unenforceable.[19]

An order denying the motion to dismiss has previously been entered.

---

**16.** Defendant argues that it is the public policy of Indiana that should control, because of the choice of law clause, but *M/S Bremen* makes clear that it is the public policy of the *forum* state that is controlling. 407 U.S. at 10, 92 S.Ct. 1907.

**17.** *Jones v. GNC Franchising,* 211 F.3d 495 (9th Cir.2000) (enforcing clause).

**18.** *Cf.* Mich. Comp. Laws § 445.1547 (West 2001).

**19.** It should be noted that, if a § 1404(a) motion for transfer were at issue, public policy would not be determinative but only one factor to be considered. *Stewart,* 487 U.S. at 30, 108 S.Ct. at 2244–45.