2004-NMCA-075

93 P.3d 769

**Curtis MUELLER d/b/a Travgo, Plaintiff–Appellant,**

v.

**Penelope B. SAMPLE d/b/a Air Advantage, Defendant– Appellee.**

**No. 23,096.**

Court of Appeals of New Mexico.

May 3, 2004.

Stephen D. Ingram, Cavin & Ingram, P.A., Albuquerque, for Appellant.

Robert M. Fiser, Robert M. Fiser, P.C., Albuquerque, for Appellee.

## OPINION

ROBINSON, J.

{1} Appellant Curtis Mueller d/b/a Travgo (Plaintiff) appeals from the district court's order granting the motion, filed by Appellee Penelope B. Sample d/b/a Air Advantage (Defendant), to stay enforcement of a foreign judgment. Plaintiff argues that the district court erred when it concluded that a contractual forum selection clause in Plaintiff and Defendant's contract was a mandatory agreement to resolve any disputes under the contract exclusively in New Mexico's Second Judicial District Court. We affirm the district court.

## BACKGROUND

{2} Plaintiff owned and operated a travel agency in Wisconsin named Travgo. Defendant owned and operated Air Advantage, a New Mexico air charter business. Defendant entered into a contract in 1996 with Plaintiff to arrange charter air transportation between Madison, Wisconsin, and Las Vegas, Nevada, for his clients to attend a sporting event. Contending that Defendant had not provided air charter services as agreed, Plaintiff later filed suit against Defendant in the United States District Court in Wisconsin as a diversity action for damages for breach of contract and misrepresentation. Defendant was personally served but did not file an answer to the complaint. Subsequently, a default judgment was entered against Defendant in Wisconsin in June 1997.

{3} Plaintiff then filed an action in the Second Judicial District Court to domesticate the Wisconsin judgment, under the New Mexico Foreign Judgments Act, NMSA 1978, § 39–4A–1 to –6 (1989, as amended through 1994), and the Full Faith and Credit Clause of the United States Constitution, Article IV, Section 1. Defendant filed a counterclaim to vacate the foreign judgment and a motion to stay enforcement of the foreign judgment. Defendant argued, in part, that the Wisconsin court lacked jurisdiction over the action due to the forum selection clause included in the parties' contract. In September 1998, the district court entered an order dismissing Defendant's counterclaim and denying the motion to stay on the basis that Defendant could not collaterally attack the Wisconsin judgment in New Mexico.

{4} Defendant appealed, and this Court responded in a memorandum opinion in *Mueller d/b/a Travgo v. Sample d/b/a Air Advantage*, No. 20,019 (N.M.Ct.App. Mar. 28, 2001). We reversed and remanded the case to the district court to take evidence and hear argument concerning the meaning of the forum selection clause, specifically, "whether that clause goes to jurisdiction or venue." The Court expressed no opinion on the merits of the parties' claims. Following an evidentiary hearing in January 2002, the district court filed a letter decision concluding that the Wisconsin court lacked jurisdiction to entertain Plaintiff's complaint and that both jurisdiction and venue were proper in the Second Judicial District Court of New Mexico. In March 2002, the district court entered an order granting Defendant's motion to stay enforcement of the foreign judgment. Plaintiff appeals from that order.

## DISCUSSION

{5} In seeking to domesticate the Wisconsin judgment, Plaintiff proceeded under Section 39–4A–1 of the Foreign Judgments Act. A judgment filed under the Act "is subject to the same procedures, defenses and proceedings for reopening, vacating, staying, enforcing or satisfying as a judgment of the district court of this state[.]" Section 39–4A–3(A). "Section 39–4A–3 provides the mechanism for the direct use of New Mexico procedures to enforce and satisfy foreign judgments *entitled* to full faith and credit." *Conglis v. Radcliffe*, 119 N.M. 287, 289, 889 P.2d 1209, 1211 (1995). Although a judgment debtor may challenge the validity of a foreign judgment, "such a challenge must rest on one of the grounds that justifies the denial of full faith and credit, such as lack

of jurisdiction, lack of due process, or extrinsic fraud." *Id.*

{6} Defendant challenged the validity of the Wisconsin judgment, alleging that the Wisconsin court lacked personal jurisdiction because of the forum selection clause in the parties' contract. The language at issue in the forum selection clause reads as follows:

Applicable Law: This Agreement shall be governed by and construed in accordance with the laws of the State of New Mexico, USA. Charterer further specifically agrees and consents that any causes of action or suits related to this Agreement must be filed in the Second Judicial District Court, Albuquerque, New Mexico, USA, and Charterer hereby consents to jurisdiction in said court.

{7} Plaintiff responds that the district court erred in concluding that the forum selection clause "clearly provides the consent and agreement of the parties that both jurisdiction and venue are mandatory with the Second Judicial District Court, State of New Mexico." Plaintiff asserts that only the part of the clause referring to venue was mandatory and the part pertaining to personal jurisdiction was permissive.

## Standard of Review

{8} A contractual forum selection clause is prima facie valid and should be enforced unless unreasonable under the circumstances. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). Plaintiff has made no claim that the clause is unreasonable. Construing the meaning of a forum selection clause is a matter of contract interpretation. *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1345 (10th Cir.1992). The interpretation of a contract is an issue of law that we review de novo. *Morgan Keegan Mortgage Co. v. Candelaria*, 1998–NMCA–008, ¶ 5, 124 N.M. 405, 951 P.2d 1066; *accord SBKC Serv. Corp. v. 1111 Prospect Partners, L.P.*, 105 F.3d 578, 581 (10th Cir.1997). "The primary objective in construing a contract is not to label it with specific definitions or to look at form above substance, but to ascertain and enforce the intent of the parties as shown by the contents of the instrument." *Bogle*

*Farms, Inc. v. Baca*, 1996–NMSC–051, ¶ 22, 122 N.M. 422, 925 P.2d 1184 (quoted authority and quotation marks omitted). Any ambiguity in a forum selection clause's language is construed against the drafter. *Milk 'N' More, Inc.*, 963 F.2d at 1346.

## Forum Selection Clause

{9} Forum selection clauses are often classified as either mandatory or permissive with mandatory clauses containing clear language showing that jurisdiction is appropriate only in the designated forum and permissive forum selection clauses authorizing jurisdiction in a designated forum, but not prohibiting litigation elsewhere. *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321 (10th Cir.1997). "[T]he controlling factor in governing enforcement of a venue provision in any agreement by confining venue to a specific court is whether the parties intended to commit the actions to that court to the exclusion of all others." *SBKC Serv. Corp.*, 105 F.3d at 582.

{10} In support of his contention that the forum selection clause was mandatory as to venue but permissive as to jurisdiction, Plaintiff argues that the contract provision is a compound sentence with two independent clauses. He maintains that the first independent clause, which states that Plaintiff "agrees and consents that any causes of action or suits ... must be filed in the Second Judicial District Court," only applies to venue. The second clause providing that Plaintiff "consents to jurisdiction in said court" concerns personal jurisdiction. Plaintiff contends that the only mandatory language is in the first clause because of the use of the word "must." He argues that the second clause merely provides that Plaintiff "consents" to personal jurisdiction in the Second Judicial District Court. Therefore, he maintains, because the word "consents" is permissive, there was nothing in the language of the forum selection clause making jurisdiction in the Second Judicial District Court exclusive or precluding courts in another venue from exercising jurisdiction over Plaintiff's action. Plaintiff does not contend that the clause is ambiguous, but instead challenges the district court's conclusion by

arguing that the district court confused jurisdiction with venue in reaching its findings and conclusions. *See Kalosha v. Novick*, 84 N.M. 502, 504, 505 P.2d 845, 847 (1973) ("Venue, in the technical meaning of the term, means the place where a case is to be tried, whereas jurisdiction does not refer to the place of trial, but to the power of the court to hear and determine the case.") (quoted authority and quotation marks omitted). Plaintiff argues that the court's error in failing to make a distinction between the two concepts is crucial because, he maintains, an objection to venue may not be used to challenge the validity of a foreign judgment. *See Conglis*, 119 N.M. at 289, .889 P.2d at 1211.

{11} We do not consider Plaintiff's argument to be a reasonable reading of the parties' forum selection clause. Moreover, it contradicts the general rule on enforcement of venue selection clauses. The rule is that when venue is specified in a forum selection clause with mandatory or obligatory language, the clause will be enforced. *Id.; see generally K & V Scientific Co. v. Bayerische Motoren Werke Aktiengesellschaft ("BMW")*, 314 F.3d 494, 499 (2002); *Excell, Inc.*, 106 F.3d at 321; *Milk 'N' More, Inc.*, 963 F.2d at 1346; *Sterling Forest Assocs., Ltd. v. Barnett–Range Corp.*, 840 F.2d 249, 252 (4th Cir.1988), *abrogated in part on other grounds by Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495, 497, 109 S.Ct. 1976, 104 L.Ed.2d 548 (1989). In this case, the first provision of the clause specifies that "any causes of action or suits related to this Agreement must be filed in the Second Judicial District Court, Albuquerque, New Mexico, USA." The language manifests an intent by the parties to confine litigation to that specific tribunal to the exclusion of all others. *See State v. Lujan*, 90 N.M. 103, 105, 560 P.2d 167, 169 (1977) (stating that "shall" and "must" are generally mandatory, not discretionary); *O'Brien v. Middle Rio Grande Conservancy Dist.*, 94 N.M. 562, 566, 613 P.2d 432, 436 (Ct.App.1980) (stating that " '[a]ny' means 'one or more', 'all' ").

{12} In a similar case, the Ninth Circuit was required to interpret a forum selection clause stating that: "Licensee hereby agrees and consents to the jurisdiction of the courts of the State of Virginia. Venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia." *Docksider, Ltd. v. Sea Tech. Ltd.*, 875 F.2d 762, 763 (9th Cir.1989). We find the reasoning of that Court persuasive:

> This language requires enforcement of the clause because Docksider not only consented to the jurisdiction of the state courts of Virginia, but further agreed by mandatory language that the venue for all actions arising out of the license agreement would be Gloucester County, Virginia. This mandatory language makes clear that venue, the place of suit, lies exclusively in the designated county. Thus, whether or not several states might otherwise have jurisdiction over actions stemming from the agreement, all actions must be filed and prosecuted in Virginia.

*Id.* at 764. "A waiver of objection to venue would be meaningless, however, if it did not also contemplate a concomitant waiver of objection to personal jurisdiction." *Intermountain Sys., Inc. v. Edsall Constr. Co.*, 575 F.Supp. 1195, 1198 (D.Colo.1983) (quoted authority and quotation marks omitted). Applying the general rule, we conclude that the language of the forum selection clause mandates that the Second Judicial District Court of New Mexico is the only court which has jurisdiction over any causes of action or suits related to the contract between Plaintiff and Defendant.

{13} Plaintiff argues, relying on *Scott v. Guardsmark Security*, 874 F.Supp. 117 (D.S.C.1995), and *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75 (9th Cir.1987), that the venue selection clause is permissive. We find the forum selection clauses in those cases to be distinguishable from the clause at issue in this case. In *Scott*, the Court found the forum selection clause to be unjust because of the unequal bargaining power of the parties. 874 F.Supp. at 120. The Court also concluded the clause was permissive in that the contract stated that "[e]ach party *consents* to the jurisdiction and venue of the U.S. District Court for the District of Tennessee." *Id.* (alteration in original) (internal quotation

marks omitted). The Court interpreted the use of the word "consents" as failing to manifest an intent to make jurisdiction obligatory or exclusive. *Id.* "[C]onsenting to venue in a particular locale does not make venue improper in another locale." *Id.* at 121. In *Hunt Wesson,* the parties agreed that "[t]he courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of this contract." 817 F.2d at 76. The Ninth Circuit determined that the forum selection clause was permissive because the language of the clause fell short of designating an exclusive forum, but rather only established that the parties consented to the jurisdiction of the specified courts. *Id.* at 77. To be considered mandatory, the Court concluded, a forum selection clause must clearly require that a particular court is the only one that has jurisdiction. *Id.* at 77–78. The holdings of *Scott* and *Hunt Wesson* are consistent with the general rule.

### Remaining Claims

{14} Additionally, Plaintiff argues that the district court erred when it concluded that Defendant did not waive any objection to the jurisdiction or venue of the federal court in Wisconsin, that the court erred when it applied the forum selection clause to the Wisconsin suit against Defendant, and that the court violated this Court's mandate in the earlier appeal. He also contends that Defendant was estopped from raising a jurisdictional challenge to the Wisconsin court by her failure to appear in that court. We find these claims to be without merit.

{15} Plaintiff asserts that Defendant waived any objections to venue by not responding to the Wisconsin complaint and allowing a default judgment to be entered against her. Plaintiff cites two cases for the general proposition that a defendant waives its right to object to venue by permitting entry of default judgment. *See H & F Barge Co. v. Garber Bros., Inc.,* 65 F.R.D. 399, 406 (E.D.La.1974); *Totalplan Corp. of Am. v. Lure Camera Ltd.,* 613 F.Supp. 451, 456 (W.D.N.Y.1985). However, those cases are not relevant to the issue presented in this case. They were not dealing with a contractual forum selection clause, but rather with the question of whether the long-arm statutes in question implicated the due process clause. *H & F Barge Co.,* 65 F.R.D. at 402–403; *Totalplan Corp. of Am.,* 613 F.Supp. at 454. As discussed above, the Foreign Judgment Act and our case law permit a judgment debtor to challenge a foreign judgment on the basis of a lack of jurisdiction. In this case, Plaintiff agreed that any causes of action must be filed in the Second Judicial District Court, Albuquerque, New Mexico. In so doing, Plaintiff essentially agreed that no other court could exercise personal jurisdiction. In the absence of the forum selection clause, another state might have had personal jurisdiction over actions arising under the parties' agreement. But, the forum selection clause in this case designated the Second Judicial District Court as the only court with jurisdiction to hear actions relating to the contract.

{16} Plaintiff asserts that the district court erred in its application of the forum selection clause to his Wisconsin suit against Defendant. As we understand Plaintiff's argument, he appears to be contending that because the agreement states that Plaintiff consented to jurisdiction in the Second Judicial District Court, it would only apply to any actions filed by Defendant against him in that court. He argues that even if the personal jurisdiction provision was mandatory, only he agreed to its effect. Therefore, Plaintiff asserts, the clause would not act to deprive the Wisconsin court of personal jurisdiction in any suit by him against Defendant. This argument is untenable in light of the express language that "Charterer [Defendant] further specifically agrees and consents that any causes of action or suits related to this Agreement must be filed in the Second Judicial District Court, Albuquerque, New Mexico, USA." The language "any cause of action or suit" would encompass the suit filed by Plaintiff for breach of contract and misrepresentation.

{17} Plaintiff argues that the district court violated this Court's mandate in the earlier prior appeal by considering Defendant's fraudulent procurement argument. This Court previously determined that "[b]e-

cause the competency and extrinsic fraud arguments have been abandoned, no further action shall be taken with regard to those issues below." *Mueller d/b/a Travgo,* No. 20,019, slip op. at 6. Nevertheless, Plaintiff argues, the district court permitted testimony on the issue over the objection of Defendant and later concluded that "[t]he Federal Court was not advised as to the 'Applicable Law' agreement prior to entering its Judgment by default." Plaintiff contends that the district court's actions constituted reversible error. We do not agree. Although the district court did not completely comply with this Court's mandate, the district court's judgment on remand substantially followed the directions of our first opinion. Accordingly, the judgment will not be disturbed on appeal. *See Varney v. Taylor,* 79 N.M. 652, 655, 448 P.2d 164, 167 (1968).

{18} Plaintiff further contends that the district court erred in failing to find that Defendant was estopped from asserting the forum selection clause because she did not raise any objection to venue and jurisdiction in the Wisconsin federal court. "In order to properly plead a claim for equitable estoppel, the party claiming estoppel must assert that in reliance on the conduct of the party to be estopped, it was induced to take or forgo a position to its prejudice or detriment." *Envtl. Control, Inc. v. City of Santa Fe,* 2002–NMCA–003, ¶ 23, 131 N.M. 450, 38 P.3d 891. Plaintiff contends that because Defendant did not appear in the Wisconsin federal court and raise the forum selection clause, he was induced to enforce the Wisconsin judgment in New Mexico. Plaintiff ignores the fact that the initial action in this case was his filing suit in Wisconsin, contrary to the express language of the parties' contract. He does not claim this action was taken as a reasonable reliance on any conduct by Defendant. Plaintiff is not entitled to the equitable remedy of estoppel.

## CONCLUSION

{19} We conclude that the forum selection clause is mandatory and exclusive. Venue and jurisdiction were exclusive to the Second Judicial District Court of New Mexi-

co. We also determine that no waiver occurred and the remedy of estoppel is inapplicable. Although the district court exceeded its mandate, any error was harmless. We affirm the district court's order.

{20} **IT IS SO ORDERED.**

BUSTAMANTE and FRY, JJ., concur.