**ATLANTIC FLOOR SERVICES, INC., Plaintiff,**

v.

**WAL–MART STORES, INC., Defendant.**

No. 4:04–1862–27.

United States District Court, D. South Carolina, Florence Division.

Sept. 7, 2004.

Gene McCain Connell, Jr., Kelaher Connell and Connor PO Drawer, Surfside Beach, SC, for Plaintiff.

E. Raymond Moore, III, Murphy and Grantland, Columbia, SC, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

HARWELL, District Judge.

### Procedural History

The instant action was originally filed by plaintiff Atlantic Floor Services, Inc. ("Atlantic") in the Horry County Court of Common Pleas alleging breach of contract. Defendant Wal–Mart Stores, Inc. ("Wal–Mart") removed this case to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

Wal–Mart moves, pursuant to Rule 12(b)(1), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure, for an order of dismissal on the grounds that a forum selection clause in the contracts between the parties provides that Arkansas is the only proper forum for any action arising out of the contracts at issue in this case. In the alternative, Wal–Mart asks for a transfer of this case to the Western District of Arkansas, Fayetteville Division, pursuant to 28 U.S.C. § 1404.

### Facts

Plaintiff Atlantic Floor Services is a closely held South Carolina Corporation. Plaintiff entered into a series of six service contracts with defendant to maintain and clean six Wal–Mart stores in Horry, Georgetown, and Florence counties. Each of these contracts was signed by the Wal–Mart store manager in each location. Under these contracts Atlantic's employees were responsible for waxing, washing, and scrubbing floors, vacuuming carpets, cleaning restrooms, and maintaining other public areas in the stores. Atlantic was allowed under the contract to have subcontractors perform the work they contracted with Wal–Mart to perform. In a provision

of the contracts. Atlantic was required to comply with all employment laws, specifically the Immigration Reform and Control Act and the Immigration and Nationalization Act. That clause further provided that if the contractor breached these provisions Wal–Mart could terminate the service contracts immediately, in its sole discretion. Wal–Mart claims that it terminated the service contracts as a result of a United States Immigration and Naturalization Service investigation that resulted in the detention of undocumented alien Atlantic employees. Plaintiff contends that the contract was terminated because Wal–Mart wanted to begin internally providing all floor cleaning services. This action was commenced by Atlantic for payment of one month's service contract, pursuant to the terms of the contract for termination, in each of the six locations.

### Basis of Motion to Dismiss

■ In cases such as this where a motion to transfer under 28 U.S.C. § 1404(a) is made as an alternative to dismiss, a separate analysis is required for each motion. *Ins. Prods. Mktg., Inc. v. Indianapolis Life Ins. Co.*, 176 F.Supp.2d 544, 546 (D.S.C.2001), *citing Intl. Software Sys., Inc. v. Amplicon, Inc.*, 77 F.3d 112 (5th Cir.1996); *N.W. Nat. Ins. Co. v. Donovan*, 916 F.2d 372 (7th Cir.1990); *Jones v. GNC Fran., Inc.*, 211 F.3d 495 (9th Cir.2000).

■ Defendant's motion to dismiss is made pursuant to Rule 12(b)(1), 12(b)(3) or 12(b)(6) of the Federal Rules of Evidence because, as defense counsel noted, there does not appear to be a consensus as to which rule such a motion should be made pursuant to. Regardless of the rule cited, "the proper approach is to regard a motion raising a forum selection clause, however labeled, as one to specifically enforce." *Ins. Prods. Mktg.*, 176 F.Supp.2d at 547, *citing M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).

### Legal Standard for Forum Selection Clauses

■ Forum selection clauses are governed by federal law. *Scott v. Guardsmark Sec.*, 874 F.Supp. 117, 120 (D.S.C. 1995), *citing Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). A forum selection clause is *prima facie* valid and enforceable when made in arms-length transactions by sophisticated business entities absent some compelling and countervailing reason. *Sterling Forest Assoc. v. Barnett–Range Corp.*, 840 F.2d 249, 251 (4th Cir.1998), *rev'd on other grounds*. Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen*, 407 U.S. at 10, 92 S.Ct. 1907. Forum selection clauses may be considered unreasonable if:

> (1) their formation was induced by fraud or overreaching; (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state.

*Id.*

#### Fraud or Overreaching

■ The plaintiff does not allege that the service agreements were procured by fraud or through overreaching. Plaintiff does allege unequal bargaining power based on the sizes of the companies. Plaintiff is a small, closely held South Carolina corporation while defendant. Wal–Mart is a billion dollar corporation. Unequal bargaining power is not a justifica-

tion in and of itself to hold a provision of a contract invalid. *Scott,* 874 F.Supp. at 120. In *Carnival Cruise Lines* the U.S. Supreme Court upheld a forum selection clause where the parties were a large corporation and individual plaintiffs even though their sizes were dramatically different. *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). The record is devoid of any evidence of fraud or overreaching on the part of Wal–Mart despite the alleged unequal bargaining power of the parties.

*Inconvenience or Unfairness of the Selected Forum*

■ A party seeking to escape a forum selection clause must "show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Mercury Coal & Coke, Inc. v. Mannesmann Pipe & Steel Co.,* 696 F.2d 315, 317 (4th Cir.1982). There is a "heavy burden of proof, required to set aside the [forum selection] clause on grounds of inconvenience.'" *Carnival Cruise Lines,* 499 U.S. at 595, 111 S.Ct. 1522.

Plaintiffs point out that this case originated in South Carolina with contracts entered into in South Carolina and with services to be provided in South Carolina. Plaintiff argues that Wal–Mart stores would be forced to operate without its employees. Interestingly, Wal–Mart does not have a concern about its employees having to travel to Arkansas for trial and further alleges that several of its witnesses have relocated to areas outside of South Carolina. Furthermore, at the hearing plaintiff's counsel admitted that one of the principal owners or officers of Atlantic is currently living in Louisiana and he is uncertain that the other principal is still living in South Carolina. The defendant argues that Louisiana is closer to Arkansas than to South Carolina. There is an allegation that the other corporate officer/principal is currently residing in Illinois. There is no evidence that holding the trial in Arkansas would deprive plaintiff of its day in court, especially since at least one of the corporate officers of Atlantic resides closer to Arkansas than to South Carolina.

*Fundamental Unfairness of the Chosen Law*

Plaintiff does not allege in its memorandum that the application of Arkansas law will result in an unfair result in the instant case. Atlantic's claim against Wal–Mart is that Wal–Mart was obligated to give thirty days notice of its termination of the contracts. There is no reason to believe that application of Arkansas law to this issue would be fundamentally unfair. *See Allen v. Lloyd's of London,* 94 F.3d 923, 928 (4th Cir.1996) (holding that application of English law was enforceable). Further, even if this Court did not dismiss or transfer the case to Arkansas, it would nevertheless apply Arkansas law in the current forum. The choice of Arkansas law and an Arkansas forum was a basis of the parties' bargain. Arkansas courts are equipped to evaluate and adjudicate a common law breach of contract claim under the state's law, which will apply regardless of forum. There is no reason that the application of Arkansas law would be fundamentally unfair.

*Public Policy of the Forum State*

■ To avoid enforcement of an otherwise valid forum selection clause on the ground that it violates the public policy, the party opposing application of the clause must show that enforcement would contravene a *"strong public policy* of the forum state." *M/S Bremen,* 407 U.S. at 15, 92 S.Ct. 1907. It should be noted that a state's "disfavor" of forum selection clauses is not sufficient to rebut the strong

federal policy in favor of forum selection clauses. *Stewart Org.*, 487 U.S. at 31, 108 S.Ct. 2239 (holding federal law applicable despite Alabama's unfavorable view of forum selection clauses). S.C.Code Ann. § 15–7–120(A) provides:

> Notwithstanding a provision in a contract requiring a cause of action arising under it to be brought in a location other than as provided in this title and the South Carolina Rules of Civil Procedure for a similar cause of action, the cause of action alternatively may be brought in the manner provided in this title and the South Carolina Rules of Civil Procedure for such causes of action.

Plaintiff relies on two cases to support its position that there is a strong public policy in South Carolina against the enforcement of forum selection clauses. Judge William Bertelsman, sitting by designation, found such a policy in *Insurance Products Marketing, Inc. v. Indianapolis Life Insurance Co.*, 176 F.Supp.2d 544 (D.S.C.2001). Judge Bertelsman relied entirely on the language of S.C.Code Ann. § 15–7–120(A). However, this reasoning is misplaced.[1] Judge Bertelsman apparently accepted that the referenced statute applied to inter-state forum selection clauses. In fact, the referenced statute appears to apply to intra-state forum selection clauses. This referenced statute is the last section of the South Carolina Code chapter dealing with proper venue of actions brought in South Carolina State Courts. *See* S.C.Code Ann. § 15–7–10 to – 120 ("Chapter 7"). This chapter deals exclusively with proper venue among the various counties in South Carolina, not whether venue would be proper in one state over another.

In *Scott v. Guardsmark Security*, 874 F.Supp. 117, 120 (D.S.C.1995), Judge G. Ross Anderson, Jr. denied the defendant's motion to enforce a *permissive* forum selection clause because it was not negotiated at arms-length between the parties, but instead was part of an employer-employee relationship, and because enforcement of the clause would deprive the plaintiff of his day in court. *Id.* Nowhere in that opinion does Judge Anderson discuss the public policy of South Carolina in denying enforcement of the forum selection clause and the case is inapplicable to the case before us because the forum selection clause in the instant case is mandatory rather than permissive.

South Carolina's appellate courts have recognized the validity of forum selection clauses in a variety of contexts. *See e.g., St. John's Episcopal Mission Ctr. v. S.C. Dept. of Soc. Servs.*, 276 S.C. 507, 280 S.E.2d 207 (1981) (pre-dating referenced statute, but holding parties bound to terms of forum selection clause where agreement was "not contrary to public policy"); *Sec. Credit Leasing Inc. v. Armaly*, 339 S.C. 533, 529 S.E.2d 283, 290 (App.2000) (post-dating referenced statute and holding default judgment obtained in Florida against South Carolina resident was valid and enforceable despite the fact that jurisdiction in Florida was in part based on existence of forum selection clause in parties' contract); *Firestone Fin. Corp. v. Owens*, 309 S.C. 73, 419 S.E.2d 830 (App.1992) (post-dating statute and upholding forum selection clause in lease that required claim to be brought in Massachusetts). Thus, despite numerous opportunities, South Carolina's appellate courts have not suggested, much less declared, that forum selection

---

1. This Court is not bound to follow the reasoning of Judge Bertelsman in *Insurance Products Marketing. See Am. Silicon Techs. v. U.S.*, 261 F.3d 1371 (C.A.Fed.2001) (citing cases that hold intra-court comity doctrine is discretionary and a judge may depart from the holding of another judge in the court if convinced that the analysis is incorrect).

clauses violate the public policy of the State. In fact, the courts have affirmed and recognized that these clauses are valid and enforceable. There is certainly evidence that forum selection clauses are not repugnant to South Carolina public policy. Thus, a finding that such clauses violate the "strong public policy" of South Carolina is not supported by decisions of its State Courts.

The forum selection clause at issue was not procured by fraud or overreaching; its enforcement will not deprive Atlantic of its day in court; application of Arkansas law will not be fundamentally unfair or deprive Atlantic of a remedy; and enforcement of the clause is not against the strong public policy of South Carolina. Therefore, based on the application of the factors set forth by the U.S. Supreme Court in *M/S Bremen*, this Court finds that the forum selection clause in the services contracts is valid and enforceable.

### *Dismissal*

 Dismissal is an appropriate procedure when faced with a valid and enforceable forum selection clause that provides the case should be brought in another forum *See Allen*, 94 F.3d at 928 (remanding case to the district court with instructions to dismiss based on forum selection clause); *Mercury Coal & Coke*, 696 F.2d 315 (remanding with instructions to dismiss and stating: "Both parties are free to pursue their remedies in the courts of New York in accordance with their agreement"). The Supreme Court itself approved of dismissal in *Carnival Cruise Lines*. It is clear that given the valid and enforceable forum selection clause, dismissal is appropriate here.[2] The Court notes that Atlantic will not be prejudiced by this dismissal because the statute of

limitations will not be implicated so long as Atlantic re-files in Arkansas in a timely fashion.

Upon having determined that this case be dismissed, the Court need not address a transfer of the case based on a balance of convenience pursuant to 28 U.S.C. § 1404(a).

### *Conclusion*

For the foregoing reasons, the undersigned **GRANTS** the defendant's motion to dismiss.

**AND IT IS SO ORDERED.**

---

2. Counsel for plaintiff advised the Court during oral arguments that if the Court was inclined to rule for the defendant the plaintiff preferred a dismissal rather than a transfer of the case to Arkansas.